UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC -4 P 2: 33

US DISTRICT COURT
HARTFORD CT

EASCO HAND TOOLS, INC.,
ARMSTRONG TOOLS, INC.,
KINGSLEY TOOLS, INC., LEA
WAY HAND TOOL CORPORATION,
and MATCO TOOLS CORPORATION,
    Plaintiffs,

VS.

HU, HOU-FEI a/k/a BOBBY HU,
    Defendant.

Civil No. 3:02cv1723 (AVC)
Civil No. 3:02cv1747 (AVC)

**SCHEDULING ORDER**

1. On or before January 16, 2004, the plaintiffs shall identify the claim terms they believe, in good faith, require construction.

2. On February 16, 2004:

    a. All parties shall provide their proposed claim constructions. After this date, any party seeking to amend, modify or submit any proposed claim construction must either obtain the consent of all other parties or file a motion requesting permission from the court for such amendment, modification, or new construction and establish to the court that good cause exists for entry of the same;

    b. The plaintiffs shall provide all facts and specifically identify all information supporting their allegations of invalidity of the claims at issue;

    c. The defendant shall provide all facts and specifically identify all information supporting his allegations of infringement; and

    d. The disclosures set forth in this item shall be filed with the court.

3. On or before March 1, 2004, the parties shall confer in good faith in an attempt to agree upon the limitations of the asserted claims that are in dispute for the purposes of a <u>Markman</u> hearing. On this date the parties will file a joint claim construction statement setting forth the construction of those claim terms on which the parties agree, each parties' proposed construction for each disputed claim term, and the identity of each witness each party expects to call to testify at the <u>Markman</u> hearing.

4.  On or before March 31, 2004, the defendant shall file and serve an opening Markman brief and any evidence supporting his claim construction, including but not limited to identifying each witness the defendant expects to call to testify at the Markman hearing and, to the extent the defendant identifies an expert witness to testify on claim construction, the defendant shall provide a report setting forth that expected testimony.

5.  On or before April 30, 2004, the plaintiffs shall file and serve their responsive Markman brief and any evidence supporting their claim construction, including but not limited to identifying each witness it expects to call to testify at the Markman hearing and, to the extent the plaintiffs identify an expert witness to testify on claim construction, the defendant shall provide a report setting forth that expected testimony.

6.  On or before May 14, 2004, the defendant may file and serve a reply Markman brief on claim construction and may identify an expert if he did not previously do so pursuant to Paragraph 4.

7.  During the week beginning June 14, 2004, the court shall conduct a Markman hearing.

8.  On or before November 15, 2004, the party having the burden of proof on an issue shall designate all trial experts and provide opposing counsel with reports from retained experts regarding such issues.

9.  On or before December 14, 2004, the party having the burden of proof on an issue shall designate all trial experts and provide opposing counsel with reports from retained experts regarding such issues.

10. Within seven days of the service of any expert report pursuant to Paragraphs 8 and 9 above, the designating party shall produce the file of the expert witness authoring such report, including all documents reviewed and/or relied upon in connection with the preparations of the report, as well as any computer-generated data or information.

11. All discovery in both cases related to liability (infringement, validity, unenforceability, and damages) including depositions of all related witnesses, shall be completed on or before January 14, 2005. All written discovery shall be served sufficiently in advance of this date so that responses thereto may be received prior to this date.

12. Within 10 days after the Federal Circuit decides <u>Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.</u>, Nos. 01-1357, 02-1256, 01-1376, 02-1221, the plaintiffs shall notify the defendant and the court: (1) in each case whether they intend to rely on opinions of counsel as a defense to willfulness and (2) in each case whether they intend to seek bifurcation of a trial on willfulness from the trial of liability and damages. The court will hear any motion for leave to extend the discovery deadlines (or to reopen discovery) on the issue of willfulness of infringement.

13. On or before February 15, 2005, all motions, except motions in liminie incident to trial, shall be filed.

14. On or before April 30, 2005, the parties shall file a joint trial memorandum in accordance with the pretrial order, which order shall accompany the jury selection calendar, and be sent to the parties on March 30, 2005.

15. Within 30 days after the deadline for completion of the trial memorandum, the liability and damages issues in both the 1723 and 1747 cases shall be ready for trial.

It is so ordered, this 4th day of December, 2003, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge