# CONLEY ROSE

A PROFESSIONAL CORPORATION

INTELLECTUAL PROPERTY LAW
INCLUDING
PATENTS, TRADEMARKS,
COPYRIGHTS AND
UNFAIR COMPETITION

MICHAEL F. HEIM

JPMORGAN CHASE TOWER
600 TRAVIS, SUITE 7100
HOUSTON, TEXAS 77002-2912
(713) 238-8000
FACSIMILE (713) 238-8008
WWW.CONLEYROSE.COM

AUSTIN OFFICE
(512) 476-1400

DALLAS OFFICE
(972) 731-2288

Direct Dial No.:  (713) 238-8070
E-MAIL: mheim@conleyrose.com

US DISTRICT C
HARTFORD CT

December 2, 2003

**Via Facsimile (860-240-2694) and Hand Delivery**

Hon. Alfred V. Covello
U.S. District Court, District of Connecticut
450 Main Street
Hartford, Connecticut 06103

Re:  Civil Action Nos. 3:02 CV 1723 & 1747; *Easco Hand Tools, Inc., et al. v. Hu, Hou-Fei*; In the United State District Court for the District of Connecticut

Dear Judge Covello:

Despite repeated efforts, the parties have been unable to agree on a resolution of the pending motions in view of the teleconference of October 23, 2003 in which Your Honor participated. Regrettably the parties have been unable to resolve the following issues: (1) the sequence of claim construction positions and invalidity disclosure; (2) scope of invalidity disclosure; and (3) scheduling of willful infringement deadlines.

Despite the untrue and unnecessary rhetoric in Plaintiffs' (collectively, "DTG") December 1, 2003 letter to the Court, Defendant Hu has repeatedly attempted to draft a proposed scheduling order that reflects the Court's ruling during the earlier teleconference. Hu believes that the Court ordered DTG to produce its invalidity contentions, Hu to produce his infringement contentions, and both parties to produce their proposed claim constructions in initial briefing that would be exchanged simultaneously. Hu believes that the Court then intended for both parties to produce responsive pleadings adding any claim constructions necessary to respond to the other parties' constructions. Hu believes that his Proposed Order, attached as Exhibit 1, correctly reflects the Court's intention in this regard.[1]  Therefore, Hu respectfully requests that the Court enter this Proposed Order.

**Order of Disclosure**

Hu's Proposed Order seeks to have DTG disclose its invalidity contentions simultaneously with Hu's disclosure of infringement positions and both parties' disclosures of proposed claim constructions. See Exhibit 1, ¶ (1). Until Hu and DTG both identify their positions on infringement and validity, it is simply not possible for either party to determine the claim terms that are in dispute.[2]

---

1. Although Hu offered to concede some issues in numerous attempts to resolve this dispute with DTG, ultimately those attempts were unsuccessful.

2. DTG asserts in its letter that Hu has no support for his position. This is not true. As DTG is aware, the Patent Local Rules for the Northern District of California expressly provide, "Not later than 10 days after service of the

December 4 2003. The clerk of the court is hereby ordered to docket this letter as an opposition. SO ORDERED memorandum to the plaintiffs' motion for entry of a scheduling order.

Alfred V. Covello

Hon. Alfred V. Covello
December 2, 2003
Page 2

Under DTG's proposed exchange order, Hu would provide his claim constructions simultaneously with the disclosures of DTG's invalidity contentions but would be barred from presenting any additional claim constructions after receiving those invalidity contentions without leave of court. DTG's proposed order stems from its mistaken belief that Hu can "improperly tailor" his claim constructions based upon DTG's invalidity analysis. However, claim construction is based on the intrinsic record (*i.e.*, the patent and the prosecution history), unless a term is ambiguous, and the intrinsic record is not manipulable after the patent issues. Accordingly, contrary to DTG's suggestion, Hu is not free to argue whatever claim construction he desires. The intrinsic record must support any proffered claim construction.

As evidence that Hu has no intention of "improperly tailoring" its claim construction, Hu has already willingly provided constructions for *twenty-seven claim terms* in response to DTG's interrogatories. Additionally, Hu has willingly provided detailed infringement charts and positions in response to DTG's interrogatories. Under Hu's proposed order, Hu will provide his initial claim constructions simultaneously with DTG's invalidity disclosures. Plainly, Hu is not attempting to manipulate his claim constructions in an effort to defend against DTG's invalidity contentions. Rather, Hu is resisting DTG's efforts to place him in a dilemma in which he will be unable to determine in good faith the terms that will be in dispute and yet will then need to seek permission to later present constructions of claim terms that he did not originally construe. Hu should be allowed to determine for himself, by reviewing DTG's invalidity contentions, what claim terms are in dispute.

## Scope of Invalidity Disclosure

In his original interrogatories, which are the subject of Hu's First Motion to Compel Discovery, Hu requested a detailed explanation of DTG's invalidity contentions. By detailing the specific items that DTG will provide in their invalidity disclosure (See Exhibit 1, ¶ (1)(a)), Hu is merely seeking to ensure that DTG fully responds to the interrogatories that are the subject of the Motion to Compel. DTG, however, refused to provide complete responses, arguing that DTG needs an expert before it can provide an explanation of its invalidity allegations.

Given that DTG understood its invalidity positions well enough to sign a pleading under Rule 11 of the Federal Rules of Civil Procedure, it is difficult to imagine why expert testimony is required. The Northern District of California Patent Local Rules specifically require the type of disclosure sought by Hu as part of the "Preliminary Invalidity Contentions" early in the discovery process. *See* Exhibit 2, L.R. 3-3 ("If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified."). Thus, the type of disclosure sought by Hu is *routine* in some courts. Moreover, Hu has willingly provided detailed infringement positions in both cases without an expert opinion.

---

'Preliminary Invalidity Contentions' pursuant to L.R. 3-3, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court . . .." See Exhibit 2. Thus, the Northern District of California Local Rules actually require disclosure of invalidity and infringement contentions prior to identifying claim terms that are in dispute.

Hon. Alfred V. Covello
December 2, 2003
Page 3

Additionally, this case has been pending for over one year, and Hu's interrogatories were served ten months ago. DTG now seeks to further delay providing the bases for its invalidity allegations until *November 2004, more than two years after DTG filed these suits*. Such additional delay is unnecessary and will very likely frustrate any possible settlement.

## Scheduling of Willful Infringement Deadlines

As shown in paragraph (8) of Hu's proposed scheduling order, Hu has repeatedly offered to set a date contingent upon the decision in the *Knorr-Bremse* case. DTG has steadfastly refused to set any date upon which it must decide whether it will rely upon opinions of counsel as a defense to willfulness or to state whether it intends to again seek bifurcation of a willfulness trial. DTG must at some point make such a decision and inform Hu for discovery to proceed. Therefore, the Court should adopt Hu's proposed order requiring DTG to notify Hu and the Court of its decisions on these matters within ten days after the Federal Circuit's decision in the *Knorr-Bremse* case.

Based on the foregoing, Hu respectfully requests that the Court adopt Hu's proposed scheduling order, a copy of which is attached as Exhibit 1. If the Court deems necessary, Hu can participate in a conference call to discuss these issues whenever the Court's schedule permits. DTG is being provided a copy of this letter via facsimile.

Sincerely,

Michael Heim

cc:    John T. Gutkoski, Esq. (*via facsimile*)
       Francis H. Morrison, III, Esq. (*via facsimile*)

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

EASCO HAND TOOLS, INC.,                )
ARMSTRONG TOOLS INC., KINGSLEY         )
TOOLS INC., LEA WAY HAND TOOL          )    Civil Action No.  3:02 CV 1723
CORPORATION, AND MATCO TOOLS           )              and  3:02 CV 1747
CORPORATION,                           )
                                       )
                      Plaintiffs,      )
                                       )
          vs.                          )
                                       )
HU, HOU-FEI, a/k/a BOBBY HU,           )
                                       )
                      Defendant.       )

## SCHEDULING ORDER

(1)    **January 16, 2004**:

    (a)    Plaintiffs (collectively, "DTG") shall: (a) specifically identify each item of prior art that allegedly anticipates or renders obvious each asserted claim; shall provide a chart for each asserted claim that (i) identifies where specifically in each alleged item of prior art each limitation of each asserted claim is found and (ii) if a combination of prior art items allegedly renders a claim obvious, identifies the motivation to combine such items; and shall specifically explain any invalidity allegation made under 35 U.S.C. § 112; and (b) provide the construction of each limitation of claims 17, 19, 20, 22, 23, and 25 of the '387 Patent and of claim 34 of the '992 Patent ("Claims-at-Issue") that DTG believes will be in dispute in asserting their allegations of invalidity; and

    (b)    Defendant Hu shall: (a) provide his positions supporting his allegations of infringement with respect to each allegedly infringing product; and (b) provide the construction of each limitation of the Claims-at-Issue that Hu believes will be in dispute in asserting his allegations of infringement.

(2)    **February 16, 2004**:

    (a)    All parties shall provide responsive pleadings further construing any claim terms that were identified in an opposing party's pleading under paragraph (1) that were not construed in that party's pleading under paragraph (1). After this date, any party seeking to amend or modify any proposed claim construction submitted prior to this date or seeking to amend or modify any construction submitted under Paragraph (2)(a) that was identified in Paragraph (1), must either obtain the consent of all other parties or file a motion requesting permission from the Court

1

for such amendment or modification and establish to the Court that good cause exists for entry of the same; and

    (b)    The disclosures in Paragraph (2) shall be filed with the Court.

(3)    **March 1, 2004**: Parties shall have conferred in good faith before this date in an attempt to agree upon the limitations of the asserted claims that are in dispute for the purposes of a *Markman* hearing. On this date the parties will file a Joint Claim Construction Statement setting forth each party's proposed construction for each disputed claim term and the identity of each witness each party expects to call to testify at the *Markman* hearing, except for any expert witnesses who will be designated as set forth below.

(4)    **March 31, 2004**: Hu shall file and serve an opening *Markman* brief and any evidence supporting his claim construction, including but not limited to identifying each witness Hu expects to call to testify at the *Markman* Hearing and, to the extent Hu identifies an expert witness to testify on claim construction, providing a report setting forth that expected testimony. Notwithstanding the foregoing, DTG reserves the right to object to any expert testimony in whole or in part.

(5)    **April 30, 2004**: DTG shall file and serve its responsive *Markman* brief and any evidence supporting its claim construction, including but not limited to identifying each witness DTG expects to call to testify at the *Markman* Hearing and, to the extent DTG identifies an expert witness to testify on claim construction, providing a report setting forth that expected testimony. Notwithstanding the foregoing, Hu reserves the right to object to any expert testimony in whole or in part.

(6)    **May 14, 2004**: Hu may file and serve a reply *Markman* brief on claim construction and may identify an expert if he did not previously do so pursuant to paragraph (4) but DTG identified an expert pursuant to paragraph (5). Notwithstanding the foregoing, DTG reserves the right to object to any expert testimony in whole or in part.

(7)    **June 14, 2004**: Subject to the convenience of the Court's calendar, the Court shall conduct a *Markman* Hearing during this week.

(8)    **Within Ten (10) Days After the Federal Circuit Decides the *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, Nos. 01-1357, 02-1256, 01-1376, 02-1221, Cases**: DTG shall notify Hu and the Court: (1) in each case whether it intends to rely on opinions of counsel as a defense to willfulness and (2) in each case whether it intends to seek bifurcation of a trial on willfulness from the trial of liability and damages. Notwithstanding any other provision in this Scheduling Order, Hu shall receive at least three months of discovery regarding willfulness after DTG provides the above notification.

(9)    **November 15, 2004**: The party having the burden of proof on an issue shall designate all trial experts and provide opposing counsel with reports from such experts regarding all such issues.

113137.01/2186.00100

(10)   **December 14, 2004**: The party not having the burden of proof on an issue shall designate all trial experts and provide opposing counsel with reports from such experts regarding all such issues.

(11)   Within seven days of the service of any expert report pursuant to paragraphs (9) and (10) above, the designating party shall produce the file of the expert witness authoring such report, including all documents reviewed and/or relied upon in connection with the preparation of the report as well as any computer-generated data or information.

(12)   **January 14, 2005**: All discovery in both cases related to liability (infringement, validity, unenforceability, and damages), including depositions of all related witnesses, shall be completed. All written discovery shall be served sufficiently in advance of this date that responses thereto are due *before* this date.

(13)   **February 15, 2005**: All motions, except motions in limine incident to trial, shall be filed.

(14)   **March 31, 2005**: The parties shall file a joint trial memorandum in accordance with the pretrial order, which order shall accompany the jury selection calendar, and be sent to the parties.

(15)   **Within 30 days after the deadline for completion of the joint trial memorandum**, the liability and damages issues in both the 1747 and the 1723 cases shall be ready for trial.

It is so ordered this _____ day of December, 2003 at Hartford, Connecticut.

                                        _____
                                        Alfred V. Covello, Chief U.S.D.J.

113137.01/2186.00100

**Exhibit 2**

Patent Local Rules

## TABLE OF CONTENTS
## PATENT LOCAL RULES

Page

1. SCOPE OF RULES ........................................... PAT 2
    1-1. Title. .............................................. PAT 2
    1-2. Scope and Construction. ................................ PAT 2
    1-3. Effective Date. ...................................... PAT 2

2. GENERAL PROVISIONS ..................................... PAT 3
    2-1. Governing Procedure. .................................. PAT 3
        (a) Initial Case Management Conference. ................. PAT 3
        (b) Further Case Management Conferences. ................ PAT 3
    2-2. Confidentiality. ...................................... PAT 4
    2-3. Certification of Initial Disclosures. ...................... PAT 4
    2-4. Admissibility of Disclosures. ........................... PAT 4
    2-5. Relationship to Federal Rules of Civil Procedure. ........... PAT 4

3. PATENT INITIAL DISCLOSURES ............................. PAT 6
    3-1. Disclosure of Asserted Claims and Preliminary Infringement Contentions.
        ..................................................... PAT 6
    3-2. Document Production Accompanying Disclosure. ............ PAT 6
    3-3. Preliminary Invalidity Contentions. ...................... PAT 7
    3-4. Document Production Accompanying Preliminary Invalidity Contentions.
        ..................................................... PAT 8
    3-5. Disclosure Requirement in Patent Cases for Declaratory Judgment.
        ..................................................... PAT 8
        (a) Invalidity Contentions If No Claim of Infringement. ......... PAT 8
        (b) Applications of Rules When No Specified Triggering Event.
        ..................................................... PAT 8
        (c) Inapplicability of Rule. .............................. PAT 9
    3-6. Final Contentions. ................................... PAT 9
    3-7. Amendment to Contentions. ............................ PAT 9
    3-8. Willfulness. ........................................ PAT 9

4. CLAIM CONSTRUCTION PROCEEDINGS ...................... PAT 11
    4-1. Exchange of Proposed Terms and Claim Elements for Construction.
        ..................................................... PAT 11
    4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence.
        ..................................................... PAT 11
    4-3. Joint Claim Construction and Prehearing Statement. ............ PAT 11
    4-4. Completion of Claim Construction Discovery. ................ PAT 12
    4-5. Claim Construction Briefs. ............................. PAT 12
    4-6. Claim Construction Hearing. ........................... PAT 13

**PAT 1**

# PATENT LOCAL RULES

## 1. SCOPE OF RULES

**1-1. Title.**

These are the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California. They should be cited as "Patent L.R. __."

**1-2. Scope and Construction.**

These rules apply to all civil actions filed in or transferred to this Court which allege infringement of a utility patent in a complaint, counterclaim, cross-claim or third party claim, or which seek a declaratory judgment that a utility patent is not infringed, is invalid or is unenforceable. The Court may accelerate, extend, eliminate, or modify the obligations or deadlines set forth in these Patent Local Rules based on the circumstances of any particular case, including, without limitation, the complexity of the case or the number of patents, claims, products, or parties involved. If any motion filed prior to the Claim Construction Hearing provided for in Patent L.R. 4-6 raises claim construction issues, the Court may, for good cause shown, defer the motion until after completion of the disclosures, filings, or ruling following the Claim Construction Hearing. The Civil Local Rules of this Court shall also apply to these actions, except to the extent that they are inconsistent with these Patent Local Rules.

**1-3. Effective Date.**

These Patent Local Rules shall take effect on January 1, 2001 and shall apply to any case filed thereafter and to any pending case in which more than 9 days remain before the Initial Disclosure of Asserted Claims required by former Civil L.R. 16-7 must be made. The parties to any other pending civil action shall meet and confer promptly after January 1, 2001, for the purpose of determining whether any provision in these Patent Local Rules should be made applicable to that case. No later than 7 days after the parties meet and confer, the parties shall file a stipulation setting forth a proposed order that relates to the application of these Patent Local Rules. Unless and until an order is entered applying these Patent Local Rules to any pending case, the Civil Local Rules previously applicable to pending patent cases shall govern.

Patent Local Rules

## 2. GENERAL PROVISIONS

**2-1. Governing Procedure.**

    **(a) Initial Case Management Conference.** When the parties confer with each other pursuant to FRCivP 26(f), in addition to the matters covered by FRCivP 26, the parties must discuss and address in the Case Management Statement filed pursuant to FRCivP 26(f) and Civil L.R. 16-9, the following topics:

        **(1)** Proposed modification of the deadlines provided for in the Patent Local Rules, and the effect of any such modification on the date and time of the Claim Construction Hearing, if any;

        **(2)** Whether the Court will hear live testimony at the Claim Construction Hearing;

        **(3)** The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;

        **(4)** The order of presentation at the Claim Construction Hearing; and

        **(5)** The scheduling of a Claim Construction Prehearing Conference to be held after the Joint Claim Construction and Prehearing Statement provided for in Patent L.R. 4-3 has been filed.

    **(b) Further Case Management Conferences.** To the extent that some or all of the matters provided for in Patent L.R. 2-1 (a)(1)-(5) are not resolved or decided at the Initial Case Management Conference, the parties shall propose dates for further Case Management Conferences at which such matters shall be decided.

Patent Local Rules

## 2-2. Confidentiality.

If any document or information produced under these Patent Local Rules is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential-- Outside Attorneys Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s). If a party is not represented by an outside attorney, disclosure of the confidential document or information shall be limited to one designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party 5 court days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure. The person(s) to whom disclosure of a confidential document or information is made under this local rule shall keep it confidential and use it only for purposes of litigating the case.

## 2-3. Certification of Initial Disclosures.

All statements, disclosures, or charts filed or served in accordance with these Patent Local Rules must be dated and signed by counsel of record. Counsel's signature shall constitute a certification that to the best of his or her knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, the information contained in the statement, disclosure, or chart is complete and correct at the time it is made.

## 2-4. Admissibility of Disclosures.

Statements, disclosures, or charts governed by these Patent Local Rules are admissible to the extent permitted by the Federal Rules of Evidence or Procedure. However, the statements or disclosures provided for in Patent L.R. 4-1 and 4-2 are not admissible for any purpose other than in connection with motions seeking an extension or modification of the time periods within which actions contemplated by these Patent Local Rules must be taken.

## 2-5. Relationship to Federal Rules of Civil Procedure.

Except as provided in this paragraph or as otherwise ordered, it shall not be a legitimate ground for objecting to an opposing party's discovery request (e.g., interrogatory, document request, request for admission, deposition question) or declining to provide information otherwise required to be disclosed pursuant to FRCivP 26(a)(1) that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, these Patent Local Rules. A party may object, however, to responding to the following categories of discovery requests (or decline to provide information in its initial disclosures under FRCivP 26(a)(1)) on the ground that they are premature in light of the timetable provided in the Patent Local Rules:

**Patent Local Rules**

**(a)** Requests seeking to elicit a party's claim construction position;

**(b)** Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;

**(c)** Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and

**(d)** Requests seeking to elicit from an accused infringer the identification of any opinions of counsel, and related documents, that it intends to rely upon as a defense to an allegation of willful infringement.

Where a party properly objects to a discovery request (or declines to provide information in its initial disclosures under FRCivP 26(a)(1)) as set forth above, that party shall provide the requested information on the date on which it is required to provide the requested information to an opposing party under these Patent Local Rules, unless there exists another legitimate ground for objection.

**PAT 5**

Patent Local Rules

## 3. PATENT INITIAL DISCLOSURES

**3-1. Disclosure of Asserted Claims and Preliminary Infringement Contentions.**

Not later than 10 days after the Initial Case Management Conference, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" shall contain the following information:

**(a)** Each claim of each patent in suit that is allegedly infringed by each opposing party;

**(b)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

**(c)** A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

**(d)** Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

**(e)** For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

**(f)** If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

**3-2. Document Production Accompanying Disclosure.**

With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

**Patent Local Rules**

(a) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3-1(e), whichever is earlier; and

(c) A copy of the file history for each patent in suit.

The producing party shall separately identify by production number which documents correspond to each category.

## 3-3. Preliminary Invalidity Contentions.

Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," each party opposing a claim of patent infringement, shall serve on all parties its "Preliminary Invalidity Contentions" which must contain the following information:

(a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

**(c)**  A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

**(d)**  Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

## 3-4. Document Production Accompanying Preliminary Invalidity Contentions.

With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

**(a)**  Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart; and

**(b)**  A copy of each item of prior art identified pursuant to Patent L.R. 3-3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

## 3-5. Disclosure Requirement in Patent Cases for Declaratory Judgment.

**(a)  Invalidity Contentions If No Claim of Infringement.**  In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, Patent L.R. 3-1 and 3-2 shall not apply unless and until a claim for patent infringement is made by a party. If the defendant does not assert a claim for patent infringement in its answer to the complaint, no later than 10 days after the defendant serves its answer, or 10 days after the Initial Case Management Conference, whichever is later, the party seeking a declaratory judgment must serve upon each opposing party its Preliminary Invalidity Contentions that conform to Patent L.R. 3-3 and produce or make available for inspection and copying the documents described in Patent L.R. 3-4. The parties shall meet and confer within 10 days of the service of the Preliminary Invalidity Contentions for the purpose of determining the date on which the plaintiff will file its Final Invalidity Contentions which shall be no later than 50 days after service by the Court of its Claim Construction Ruling.

**(b)  Applications of Rules When No Specified Triggering Event.**  If the filings or actions in a case do not trigger the application of these Patent Local Rules under the terms set forth herein, the parties shall, as soon as such circumstances become known, meet and confer for the purpose of agreeing on the application of these Patent Local Rules to the case.

**(c) Inapplicability of Rule.** This Patent L.R. 3-5 shall not apply to cases in which a request for a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable is filed in response to a complaint for infringement of the same patent.

## 3-6. Final Contentions.

Each party's "Preliminary Infringement Contentions" and "Preliminary Invalidity Contentions" shall be deemed to be that party's final contentions, except as set forth below.

**(a)** If a party claiming patent infringement believes in good faith that (1) the Court's Claim Construction Ruling or (2) the documents produced pursuant to Patent L.R. 3-4 so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Final Infringement Contentions" without leave of court that amend its "Preliminary Infringement Contentions" with respect to the information required by Patent L.R. 3-1(c) and (d).

**(b)** Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" with respect to the information required by Patent L.R. 3-3 if:

> **(1)** a party claiming patent infringement has served "Final Infringement Contentions" pursuant to Patent L.R. 3-6(a), or

> **(2)** the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

## 3-7. Amendment to Contentions.

Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted in Patent L.R. 3-6, may be made only by order of the Court, which shall be entered only upon a showing of good cause.

## 3-8. Willfulness.

Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement that will rely on an opinion of counsel as part of a defense to a claim of willful infringement shall:

**(a)** Produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and

**Patent Local Rules**

(b)  Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party opposing a claim of patent infringement who does not comply with the requirements of this Patent L.R. 3-8 shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the Court, which shall be entered only upon a showing of good cause.

Patent Local Rules

## 4. CLAIM CONSTRUCTION PROCEEDINGS

**4-1. Exchange of Proposed Terms and Claim Elements for Construction.**

(a) Not later than 10 days after service of the "Preliminary Invalidity Contentions" pursuant to Patent L.R. 3-3, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

(b) The parties shall thereafter meet and confer for the purposes of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.

**4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence.**

(a) Not later than 20 days after the exchange of "Proposed Terms and Claim Elements for Construction" pursuant to Patent L.R. 4-1, the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall also, for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element.

(b) At the same time the parties exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

(c) The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

**4-3. Joint Claim Construction and Prehearing Statement.**

Not later than 60 days after service of the "Preliminary Invalidity Contentions," the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

**Patent Local Rules**

    **(a)** The construction of those claim terms, phrases, or clauses on which the parties agree;

    **(b)** Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

    **(c)** The anticipated length of time necessary for the Claim Construction Hearing;

    **(d)** Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

    **(e)** A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

**4-4.  Completion of Claim Construction Discovery.**

    Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Joint Claim Construction and Prehearing Statement.

**4-5.  Claim Construction Briefs.**

    **(a)** Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement, the party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction.

    **(b)** Not later than 14 days after service upon it of an opening brief, each opposing party shall serve and file its responsive brief and supporting evidence.

    **(c)** Not later than 7 days after service upon it of a responsive brief, the party claiming patent infringement shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

**PAT 12**

**Patent Local Rules**

### 4-6. Claim Construction Hearing.

Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in Patent L.R. 4-5(c), the Court shall conduct a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.