02cv1723Rplyrespm

The clerk of the court is hereby ordered to docket this letter as a reply memorandum to the defendant's opposition memorandum to the plaintiffs' motion for entry of a scheduling order.

December 4, 2003.

SO ORDERED.

Alfred V. Covello

U.S.DISTRICT COURT HARTFORD CT

2003 DEC -4

# Day, Berry & Howard LLP

### COUNSELLORS AT LAW

FILED

2003 DEC -4 P 2: 33

US DISTRICT COURT
HARTFORD CT

Francis H. Morrison III
Direct Dial: (860) 275-0231
E-mail: fhmorrison@dbh.com

December 3, 2003

**VIA FACSIMILE**

The Hon. Alfred V. Covello
Senior Judge
United States District Court
 for the District of Connecticut
450 Main Street
Hartford, CT 06103

Re: *Easco Hand Tools, Inc., et al v. Hu, Hou-Fei a/k/a Bobby Hu,* Civil Action No.
3:02 CV 1723 (AVC)

*Easco Hand Tools, Inc., et al v. Hu, Hou-Fei a/k/a Bobby Hu,* Civil Action No.
3:02 CV 1747 (AVC)

Dear Judge Covello:

Plaintiffs have reviewed defendant Hu's letter to the Court dated yesterday, December 2, 2003 regarding the parties' disagreements over the scheduling order in this case. Defendant's new draft proposed order attached to his letter materially differs from any proposal previously made to plaintiffs during the parties' negotiations. These new positions were not, and could not have been, addressed in plaintiffs' December 1, 2003 letter to the Court. Most importantly, defendant's new proposal is even more lopsided than defendant's previous proposal, would prejudice plaintiffs in several new ways, and, therefore, should be rejected:

- *Timing of Disclosures:* Defendants' prior proposal improperly required plaintiffs to provide their invalidity positions and then called for the parties to provide their claim constructions one month later, allowing defendant to tailor his proposed constructions based on plaintiffs' invalidity positions. (Plaintiffs' Letter, Tab B, par. 1-2.) Defendant's current proposal now goes even further and *requires* the parties to *further construe* the claim terms after receiving the other side's proposed constructions and liability positions. (Defendant's Letter, Ex. 1, par. 1-2.) More than just permitting an improperly-based proposed claim construction, defendant's new proposal virtually requires it. Moreover, Defendant's new proposal necessarily requires plaintiffs to construe terms the plaintiffs believe are in dispute one month *before* defendant provides *any* responsive position. This

CityPlace 1 | Hartford, CT 06103 | *t* 860 275 0100 *f* 860 275 0343
Boston  Greenwich  Hartford  New York  Stamford  *www.dbh.com*

constructions one month later, allowing defendant to tailor his proposed constructions based on plaintiffs' invalidity positions. (Plaintiffs' Letter, Tab B, par. 1-2.) Defendant's current proposal now goes even further and *requires* the parties to *further construe* the claim terms after receiving the other side's proposed constructions and liability positions. (Defendant's Letter, Ex. 1, par. 1-2.) More than just permitting an improperly-based proposed claim construction, defendant's new proposal virtually requires it. Moreover, Defendant's new proposal necessarily requires plaintiffs to construe terms the plaintiffs believe are in dispute one month *before* defendant provides *any* responsive position. This

CityPlace 1 | Hartford, CT 06103 | *t* 860 275 0100 *f* 860 275 0343
Boston  Greenwich  Hartford  New York  Stamford  *www.dbh.com*

December 4, 2003.
memorandum to the
of a scheduling or
SO ORDERED.

constructions one month later, allowing defendant to tailor his proposed constructions

Day, Berry & Howard LLP

The Hon. Alfred V. Covello
December 3, 2003
Page 2

bears no resemblance to the Court's directive that the exchange of invalidity information and all claim constructions occur on a single date. In contrast, Plaintiffs' proposal is fair, balanced, eliminates the possibility of prejudice through the advance identification of terms to be construed, and adheres to Your Honor's directive that all disclosures be simultaneous. Indeed, Defendant's own previous proposal called for advance identification of all terms "in dispute" followed by a single simultaneous exchange of all constructions. (Plaintiffs' Letter, Tab B, par. 1-2.)[1]

- Defendant's new proposal limits the good faith showing and leave of Court requirements before a party may amend or modify any proposed construction to only those "responsive" constructions to be provided on February 16, 2004; no limit is placed on amending or modifying the proposed constructions initially to be provided in January. (Defendant's Letter, Ex. 1, par. 2(a).) Defendant has already agreed -- and in fact proposed himself -- that any "peril" in trying to change claim constructions would apply to all constructions. (Plaintiffs' Letter, Tab B, par. 2(a).) Defendant provides no basis for this new carve out.

- *Scope Of Invalidity Disclosure:* Regarding the scope of plaintiffs' invalidity disclosure, defendant illustrates the impropriety of the extensive, expert-like disclosure he seeks (*see* Defendant's Letter, Ex. 1, par. 1(a)), requiring a detailed chart with specific identifications and explanations), by limiting the disclosure requirements for his own infringement disclosure (*see* Defendant's Letter, Ex. 1, par. 1(b), vaguely requiring only that Hu "provide his positions"). Defendant's refusal to describe the scope of his own infringement production in the same onerous, detailed terms he seeks to impose on plaintiffs proves plaintiffs' point -- that this is not the time for expert-like disclosures but rather the exchange of all available factual information. (Plaintiffs' Letter, Tab A, par. 2(b).) Plaintiffs' invalidity production should be described comparably to defendant's description of his infringement production, namely that plaintiffs will provide the facts supporting their invalidity position on the exchange date.

For these additional reasons, and those set forth in Plaintiff's Letter of December 1, 2003, plaintiffs respectfully request the Court to adopt Plaintiffs' Proposed Scheduling Order. (*See* Plaintiffs' Letter, Tab A.)

---

[1]    Defendant's new proposal also creates the ancillary problem of so front-loading plaintiffs' production that the January 16 proposed deadline becomes impracticable.

Day, Berry & Howard LLP

The Hon. Alfred V. Covello
December 3, 2003
Page 3

Very truly yours,

*Francis H. Morrison*

Francis H. Morrison III

FHM/kmb
cc:     Jonathan M. Pierce, Esq.

Day, Berry & Howard LLP