IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EASCO HAND TOOLS, INC., ARMSTRONG TOOLS INC., KINGSLEY TOOLS INC., LEA WAY HAND TOOL CORPORATION, AND MATCO TOOLS CORPORATION, | ) ) ) ) ) | Civil Action No. 3:02 CV 1723 (AVC) |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| HU, HOU-FEI, a/k/a BOBBY HU, | ) ) | April 5, 2004 |
| Defendant. | ) ) | |

**DEFENDANT HU'S REPLY IN SUPPORT OF
HU'S MOTION TO DISMISS
THE ORIGINAL 1723 CASE**

J. Hoke Peacock III
Federal Bar No. ct24230
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096

Jonathan M. Pierce, Esq.
Federal Bar No. ct24417
Michael F. Heim, Esq.
Federal Bar No. ct22416
CONLEY ROSE, P.C.
7100 JP Morgan Chase Tower
Houston, Texas 77002-2912

David B. Zabel
Federal Bar No. ct01382
COHEN AND WOLF, P.C.
1115 Broad Street
Bridgeport, Connecticut 06604

# TABLE OF CONTENTS

I.     SUMMARY ...........................................................................................................1

II.    PLAINTIFFS HAVE THE BURDEN OF ESTABLISHING BOTH PRONGS OF
       THE JURISDICTIONAL TEST .............................................................................2

       A.    THE FIRST PRONG - PLAINTIFFS HAVE FAILED TO ESTABLISH THAT A
             REASONABLE APPREHENSION OF SUIT EXISTS.............................................2

       B.    THE SECOND PRONG - PLAINTIFFS HAVE FAILED TO ESTABLISH "PRESENT
             ACTIVITY" THAT COULD CONSTITUTE INFRINGEMENT .................................4

             1.    As A Matter Of Law, Hu's Statement Of Non-Liability Prevents
                   Plaintiffs' Fear Of Suit Based On Their Present Products....................5

             2.    As A Matter Of Law, Plaintiffs Cannot Establish "Present Activity"
                   Based On Future Products ....................................................................6

             3.    As A Matter of Law, Plaintiffs Cannot Establish "Present Activity"
                   Based On Hu's Pending Patent Applications..........................................6

III.   PLAINTIFFS'  ARGUMENT  THAT  THE  COURT  SHOULD  RETAIN
       JURISDICTION OVER THEIR INEQUITABLE CONDUCT CLAIM IS
       MERITLESS...........................................................................................................7

IV.    THE COURT DOES NOT HAVE JURISDICTION OVER THE PLAINTIFFS
       CLAIM FOR ATTORNEYS' FEES.........................................................................9

V.     CONCLUSION.....................................................................................................10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EASCO HAND TOOLS, INC., ARMSTRONG TOOLS INC., KINGSLEY TOOLS INC., LEA WAY HAND TOOL CORPORATION, AND MATCO TOOLS CORPORATION, | ) ) ) ) ) ) | Civil Action No. 3:02 CV 1723 (AVC) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | April 5, 2004 |
| HU, HOU-FEI, a/k/a BOBBY HU, | ) ) | |
| Defendant. | ) ) | |

DEFENDANT HU'S REPLY IN SUPPORT OF
HU'S MOTION TO DISMISS
THE ORIGINAL 1723 CASE

Hu has filed a Motion to Dismiss the Original 1723 Case ("Motion"). Plaintiffs responded by filing a Partial Opposition ("Opposition"). Hu files this Reply to his Motion to assist the Court in sifting through the plethora of irrelevant and unsubstantiated arguments made by Plaintiffs in the Opposition. Once sifted through, it is clear that subject matter jurisdiction is lacking, and that the Original 1723 Case must be dismissed.

I.    SUMMARY

Plaintiffs' Opposition fills pages and pages with irrelevant facts in an attempt to cloud the clear issue before this Court – has Hu's Statement of Non-Liability deprived the Court of subject matter jurisdiction over the Original 1723 Case. Plaintiffs agree that Hu's claims should be dismissed in accordance with the Statement of Non-Liability. As explained in Hu's Motion and below, the case law unequivocally requires dismissal of Plaintiffs' claims of non-infringement,

invalidity, and unenforceability of the '992 Patent because Plaintiffs have failed to meet their burden of establishing that (1) an objectively reasonable apprehension of suit exists and (2) present activity exists to create a case or controversy. Thus, the only area in which there is even a possible argument for retaining jurisdiction is on the issue of Plaintiffs' claims for attorneys' fees. However, Hu respectfully suggests that, as explained herein, those claims must also be dismissed.

## II.    PLAINTIFFS HAVE THE BURDEN OF ESTABLISHING BOTH PRONGS OF THE JURISDICTIONAL TEST

To establish declaratory judgment jurisdiction in a patent case, a declaratory plaintiff must establish: (1) an explicit threat or other action by the patentee which creates a *reasonable* apprehension on the part of the declaratory plaintiff that it will face an infringement suit; <u>and</u> (2) *present* activity which could constitute infringement or concrete steps taken with the intent to conduct such activity. *Super Sack Mfg. Corp. v. Case Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995), *cert. den.*, 516 U.S. 1093, 116 S. Ct. 815, 133 L. Ed. 2d 760 (1996)(emphasis added) (citations and quotations omitted). Thus, Plaintiffs must establish that a reasonable apprehension <u>and</u> present activity (or concrete steps towards activity) exist to create an actual case or controversy. "The required reasonable apprehension must be an objective, not purely subjective, apprehension." *International Medical Prosthetics Research Assoc., Inc. v. Gore Enterprise Holdings, Inc.*, 787 F.2d 572, 575 (Fed. Cir. 1986). "[A] subjective apprehension is insufficient without objective substance." *BP Chemicals, Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 979 (Fed. Cir. 1993). Plaintiffs have not met their burden on either prong of the test.

### A.    THE FIRST PRONG - PLAINTIFFS HAVE FAILED TO ESTABLISH THAT A REASONABLE APPREHENSION OF SUIT EXISTS

In an attempt to establish the first prong of the test - that a reasonable apprehension of suit exists - Plaintiffs made several, wholly irrelevant, arguments. Specifically, Plaintiffs argue that

Hu: (1) has refused to specify any defensible grounds for claiming infringement and misappropriation; (2) has periodically changed his general assertions; (3) has failed to define his infringement contentions in writing; and (4) has provided a highly suspect reason for moving to dismiss the Original '992 Case. Opposition, p. 8. These purported bases cannot form a reasonable apprehension of suit.

Importantly, these alleged reasons for fearing suit are not reasonable given Hu's Statement of Non-Liability, which clearly delineates the claims that Hu is no longer pursuing. *See* Motion, pp. 2-3. Further, Plaintiffs' specific arguments are factually incorrect. With respect to Plaintiffs' first argument, Plaintiffs misrepresent the facts because Hu has not periodically changed his general assertions during the Original 1723 Case. In fact, Hu's only allegation of infringement was directed towards the Craftsman Socket Wrench,[1] and Hu's only trade secret allegations have always been directed to the facts set forth in response to Interrogatory No. 1 of Plaintiffs' Second Set of Interrogatories.[2] Further, the fact that Hu never alleged in the Original 1723 Case that the Reversible Gear Wrench infringed the '992 Patent is irrelevant. It was Plaintiffs who filed the Original 1723 lawsuit seeking a declaration that the Reversible Gear Wrench did not infringe the '992 Patent. Hu was not mandated to counterclaim for infringement of that product. The fact that Hu did not file such a counterclaim shows prudence on his part, not some diabolical intent as Plaintiffs suggest.

With respect to Plaintiffs' second argument, in his interrogatory responses Hu has clearly

---

[1]      *See* Response No. 2 to Hu's First Supplemental Responses to Plaintiffs' First Set of Interrogatories, the relevant excerpts of which are attached as Exhibit 1.

[2]      Hu has amended his response to Plaintiffs' Second Set of Interrogatories on two occasions. Thus, to establish that Hu has not changed his position with respect to his trade secret claims, Hu directs the Court to the Responses to Interrogatory No. 2 found in Exhibits 2A, 2B and 2C.

set forth his bases for infringement and misappropriation.[3]  With respect to Plaintiffs' third argument, Hu provided his infringement contentions on July 1, 2003,[4] which is more than 6 months before the deadline to provide such contentions in the Court's Scheduling Order. Moreover, given Hu's July 1, 2003 infringement interrogatory response, Plaintiffs' accusation that Hu "repeatedly dodged" Plaintiffs' efforts to obtain information regarding the specific allegations of infringement of the Craftsman Socket Wrench (see Opposition, p. 3) is a blatant misrepresentation to the Court. With respect to Plaintiffs' fourth argument, the fact that Plaintiffs disagree with Hu's reasons for dismissing the Original 1723 Case is wholly irrelevant to sustaining jurisdiction.

In conclusion, once Plaintiffs' irrelevant, and often unsupported, arguments are sifted through, Hu respectfully suggests that Plaintiffs have failed to carry their burden of establishing that a reasonable apprehension of suit exists. Accordingly, for this reason alone, Plaintiffs' claims must be dismissed.

B.     THE SECOND PRONG - PLAINTIFFS HAVE FAILED TO ESTABLISH "PRESENT ACTIVITY" THAT COULD CONSTITUTE INFRINGEMENT

"[T]he second part of [the] test of declaratory justiciability respecting patent rights requires that the punitive infringers '*present* activity' place it at risk of infringement liability." *See Super Sack*, 57 F.3d at 1058-59 (emphasis in original). Fear of suit based on "future activity" is insufficient to satisfy the second prong. *Id.* at 1060; *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999). Accordingly, Plaintiffs must enumerate the "present activity" which could constitute infringement or the concrete steps they have taken with the intent to conduct such activity. In an attempt to satisfy the second prong, Plaintiffs argue that they fear suit

---

[3]     *See* Ex. 1, Response No. 2; *see also* Exs. 2A-2C, Response No. 1.

[4]     Ex. 1, p. 39.

4

based on: (1) their present products; (2) their future products; and (3) Hu's pending patent applications. Such arguments are meritless.

> ### 1.   As A Matter Of Law, Hu's Statement Of Non-Liability Prevents Plaintiffs' Fear Of Suit Based On Their Present Products

In an attempt to satisfy the second prong of the jurisdiction test, Plaintiffs argue that "continuing sales of existing products . . . thus constitute activity that could lead to a misappropriation or infringement claim." Opposition, p. 8. Such arguments are meritless because Hu's Statement of Non-Liability addresses current products. Motion, pp. 2-3.

Specifically, Hu's Statement of Non-Liability has two parts – one related to the '992 Patent claims and another related to the trade secret claims in the Original 1723 Case. Motion, pp. 2-3. The patent portion of the Statement of Non-Liability readily disposes of Plaintiffs' argument because it is directed toward "products that have been sold by any one or more of Plaintiffs in the United States . . . ." Motion, pp. 2-3. Thus, Plaintiffs cannot have a reasonable apprehension that Hu will sue for infringement of the '992 Patent based on present products because Hu has agreed not to sue them based on their present products. *See Super Sack*, 57 F.3d at 1056.

With respect to Hu's trade secret claims, Plaintiffs argue that "Hu does not tie this statement to any products." Opposition, p. 4. Plaintiffs are correct. However, the lack of specific product language shows that the Statement of Non-Liability applies generally and to past, present, and future products. If Plaintiffs would like Hu to *narrow* his Statement of Non-Liability, Hu will gladly do so. Moreover, because Plaintiffs do not have any counterclaims pending that are directed to Hu's trade secrets claims, the scope of Hu's Statement of Non-Liability with respect to his trade secret claim is irrelevant because Plaintiffs do not have any declaratory judgment claims directed toward Hu's trade secret claims. Thus, once Hu's trade secret claims are dismissed, Plaintiffs will not have any claims pending related to those trade secrets that could keep the Original 1723 Case

alive. Finally, Hu's Statement of Non-Liability seeks dismissal with prejudice. Thus, Plaintiffs cannot have an objectively reasonable apprehension that Hu will sue for misappropriation of the trade secrets set forth in the Original 1723 Case.

### 2. As A Matter Of Law, Plaintiffs Cannot Establish "Present Activity" Based On Future Products

Plaintiffs argue that the second prong of the jurisdictional test is satisfied because Hu may sue them "when [Plaintiffs] introduce *new products* having comparable (but not exactly identical) structure . . . ." Opposition, p. 7 (emphasis added). Again, Plaintiffs' argument is meritless. As the Federal Circuit has repeatedly held, "an actual controversy cannot be based on a fear of litigation over future products." *Amana*, 172 F.3d at 855; *see also Super Sack*, 57 F.3d at 1060 ("The residual possibility of a future infringement suit based on [the alleged infringer's] future acts is simply too speculative a basis for jurisdiction over [the alleged infringer's] counterclaim ...."). Therefore, Plaintiffs cannot have a reasonable apprehension of suit based on future products.

### 3. As A Matter of Law, Plaintiffs Cannot Establish "Present Activity" Based On Hu's Pending Patent Applications

Plaintiffs also argue that they fear another suit "when Hu's continuation patents issue." Opposition, p. 7. This argument is yet another meritless argument because subject matter jurisdiction is determined on a patent-by-patent or claim-by-claim basis. *See Jervis B. Webb Co. v. Southern Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984); *see also* DONALD S. CHISUM, *Chisum on Patents*, Vol. 8, § 21.02[1][d][iii][C], p. 21-84 (1999)("[T]he existence of an actual controversy must be evaluated on patent-by-patent and claim-by-claim basis[.]"). Thus, Hu's presently pending continuation patent applications are completely irrelevant to this Motion and cannot, as a matter of law, form the basis for jurisdiction. In fact, because Hu's continuation patents have not yet issued, and thus cannot form the basis of any lawsuit by Hu against any person, Plaintiffs

themselves could not file and maintain a declaratory judgment action against those applications. As the Federal Circuit has held: "a threat is not sufficient to create a case or controversy unless it is made with respect to a patent *that has issued before a complaint is filed*." *GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482 (Fed. Cir. 1996) (emphasis added). Therefore, Hu's pending patent applications are irrelevant, as a matter of law, to the issues presented in Hu's Motion to Dismiss, and cannot form any reasonable apprehension of suit.

## III.  PLAINTIFFS' ARGUMENT THAT THE COURT SHOULD RETAIN JURISDICTION OVER THEIR INEQUITABLE CONDUCT CLAIM IS MERITLESS

Despite arguing that this Court retains jurisdiction over their inequitable conduct claim, Plaintiffs do not cite a single case in which a court has retained jurisdiction over an inequitable conduct claim after the patentee has agreed not to sue that alleged infringer based on the patent-in-suit. Why? Because every case addressing this issue, including Federal Circuit authority directly on point, has concluded that the inequitable conduct claim must be dismissed. *See, e.g., Intellectual Property Development*, 248 F.3d at 1342 (dismissing alleged infringer's declaratory judgment claims of non-infringement, invalidity and unenforceability based on a statement of non-liability by the patent owner).

A case discussing this issue at length is *Vesture Corp v. Thermal Solutions, Inc.*, 2003 WL 22326607 (M.D. N.C. Sept. 30, 2003). TSI, the owner of the '135 Patent, provided a statement of non-liability and then moved to dismiss the alleged infringer's (Vesture's) declaratory judgment claims, which included a claim for inequitable conduct. In response, Vesture argued that "the public interest is best served by addressing the '135 patent and [the patentee's] inequitable conduct, which ... claims [have] far-reaching social and economic consequences." *Id.* at * 2. The district court flatly rejected this argument, and dismissed Vesture's inequitable conduct claim for lack of

7

jurisdiction: "Though Vesture may still question the validity of the '135 patent and [TSI's] alleged inequitable conduct, this is not enough to create a justiciable case or controversy." *Id.* Thus, Plaintiffs' unsupported argument that the Court somehow retains jurisdiction over Plaintiffs' inequitable conduct claims is meritless.

Plaintiffs also argue that the Court should retain jurisdiction over its inequitable conduct claim because "[t]his inequitable conduct, if proven, would permeate Hu's prosecution of related claims in all continuation patents and render them unenforceable." Opposition, p. 9. This doctrine, known as "infectious unenforceability," does not automatically apply to affect continuation applications presently pending before the USPTO. *Baxter Inter'l Inc. v. McGraw, Inc.*, 149 F.3d 1321, 1332 (Fed. Cir. 1998). Thus, any suggestion that the doctrine of infectious unenforceability will necessarily render the presently pending applications unenforceable is wrong.

Moreover, Plaintiffs' argument that the doctrine of infectious unenforceability somehow preserves Plaintiffs' inequitable conduct claims (*see* Opposition, pp. 9-10) was considered and rejected in *SL Waber, Inc. v. American Power Conversion Corp.*, 135 F. Supp 2d 521 (D. N.J. 1999). There, Waber sued APC for infringement of two patents – the '991 patent and the '179 patent. With respect to each patent, APC sought a declaration of non-infringement, invalidity, and unenforceability due to inequitable conduct. Waber provided APC with a statement of non-liability with respect to the '991 patent only, and moved to dismiss APC's declaratory judgment claims directed towards the '991 patent. The court first concluded that, given the statement of non-liability, "there is no independent jurisdictional basis for [the alleged infringer's] counterclaim for a declaratory judgment that the '991 patent is unenforceable, invalid and not infringed." *Id.* at 525.

The court then addressed APC's argument that its inequitable conduct claim should remain because Waber's "inequitable conduct before the PTO in prosecuting the '991 patent renders the

8

'179 patent unenforceable as well under the doctrine of 'infectious unenforceablity'. . . ." *Id.* at

525-26. The district court rejected this argument and dismissed APC's counterclaims, holding that

APC's argument:

> [D]oes not provide an independent jurisdictional basis for that portion of APC's
> counterclaim that seeks a declaration that the '991 patent is unenforceable. If
> APC's theory of the infectious unenforceability doctrine is accurate, APC
> presumably would be free to introduce evidence relating to Waber's alleged
> inequitable conduct in prosecuting the '991 patent in order to prove that the '179
> patent is unenforceable, but the Article III controversy would concern the '179
> patent, not the '991 patent.

*Id.* at 526 (emphasis added). Therefore, the doctrine of infectious unenforceability does not save

Plaintiffs' inequitable conduct claims.

## IV. THE COURT DOES NOT HAVE JURISDICTION OVER THE PLAINTIFFS CLAIM FOR ATTORNEYS' FEES

Under 35 U.S.C. § 285, an award of attorneys' fees may only be awarded to the "prevailing

party." In *Larchmont Eng'g., Inc. v. Toggenburg Ski Center*, 444 F.2d 490 (2nd Cir. 1971), the

Second Circuit addressed this issue. In *Larchmont*, the district court granted the plaintiff's motion

to dismiss its patent infringement suit with prejudice. *Id.* at 491. The district court did not grant a

hearing requested by the defendants on the issue of attorneys' fees. *Id.* The Second Circuit

affirmed the district court's ruling, stating:

> We find no abuse of discretion in Judge Port's ruling. Indeed, to have ruled
> otherwise would have been extraordinary. The statutory provision for awarding
> attorney's fees in patent cases is normally invoked only at the end of litigation. The
> legislative history of § 285 indicates that Congress intended, even after trial, that it
> be used sparingly, since it represents a departure from the usual rule that counsel
> fees are not awardable to the prevailing party in an action at law, and the broad
> policy against allowing costs to be erected as an undue barrier to litigation.
>
> Defendants' assertions of valid misuse defenses does not establish that the suit was
> brought in bad faith, nor would proof of such defenses at trial necessarily entitle
> them to an award of counsel fees... [The plaintiff] may well have decided in good
> faith to minimize litigation expense by foregoing its claims and by taking a
> voluntary dismissal. Such a move should not be discouraged by the threat of

imposing attorney fees.

*Id.* (citations omitted).  Thus, Hu respectfully suggests that Plaintiffs' claim for attorneys' fees be dismissed.

## V.    CONCLUSION

Considering the foregoing, Hu respectfully requests that the Court dismiss all claims pending in the Original 1723 Case.

Respectfully submitted,

_____
J. Hoke Peacock III
Federal Bar No. ct24230
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 653-7897
E-mail: tpeacock@susmangodfrey.com

Jonathan M. Pierce, Esq.
Federal Bar No. ct24417
Michael F. Heim, Esq.
Federal Bar No. ct22416
CONLEY ROSE, P.C.
7100 JP Morgan Chase Tower
Houston, Texas 77002-2912
Telephone:  (713) 238-8000
Facsimile:  (713) 238-8008
E-mail: jpierce@conleyrose.com
E-mail: mheim@conleyrose.com

David B. Zabel, Esq.
Federal Bar No. ct01382
COHEN AND WOLF, P.C.
1115 Broad Street
Bridgeport, Connecticut 06604
Telephone: (203) 337-4255
Facsimile: (203) 394-9901
E-mail: dzabel@cohenandwolf.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of *Defendant Hu's Reply In Support Of Hu's Motion To Dismiss The Original 1723 Case* has been served on the following counsel of record, properly addressed as follows on this 5th day of April, 2004, as indicated below:

*Via Federal Express*

Francis H. Morrison
Matthew J. Becker
Day, Berry & Howard, LLP
CityPlace I
Hartford, Connecticut 06103-3499

*Via Federal Express*

Mark C. Dukes
Lloyd G. Farr
Nelson Mullins Riley & Scarborough, LLP
Keenan Building, Third Floor
1330 Lady Street
P O Box 11070 (29211)
Columbia, SC 29201

_____
Jonathan M. Pierce

122621v2

11