# EXHIBIT 2-C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EASCO HAND TOOLS, INC.,<br>ARMSTRONG TOOLS INC., KINGSLEY<br>TOOLS INC., LEA WAY HAND TOOL<br>CORPORATION, AND MATCO TOOLS<br>CORPORATION,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>HU, HOU-FEI, a/k/a BOBBY HU,<br><br>　　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:02 CV 1723 (AVC) |

### DEFENDANT HOU-FEI HU'S SECOND AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT

**TO:**  **Plaintiffs, Easco Hand Tools, Inc., Armstrong Tools Inc., Kingsley Tools Inc., Lea Way Hand Tool Corporation, and Matco Tools Corporation, by and through their attorneys of record,**

Mr. Francis H. Morrison
Mr. Matthew J. Becker
Day, Berry & Howard, LLP
CityPlace I
Hartford, CT  06103-3499

Mr. Mark C. Dukes
Mr. Lloyd G. Farr
Nelson Mullins Riley & Scarborough, LLP
Keenan Building, Third Floor
1330 Lady Street
P. O. Box 11070 (29211)
Columbia, South Carolina  29201

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and Connecticut Local Rule 26, Defendant, Hou-Fei Hu, responds to the Second Set of Interrogatories propounded by Plaintiffs, Easco Hand Tools, Inc., Armstrong Tools Inc., Kingsley Tools Inc., Lea Way Hand Tool Corporation, and Matco Tools Corporation, as follows:

### Specific Responses

Because the interrogatories propounded by each Plaintiff individually are identical, Defendant responds to all Plaintiffs collectively.

**Interrogatory No. 1.**    Identify with as much specificity and detail as possible each trade secret Defendant claims has been misappropriated in this case.

**Response:**    Subject to the General Objections stated above, Defendant identifies the biasing mechanism having various means of biasing a pawl in a ratcheting wrench into engagement with a gear wheel to provide the necessary reversible unidirectional movement of a ratcheting wrench and the bridge design of a reversible ratcheting wrench as disclosed in Bates Nos. HU 003020 – HU 003022 and HU 003025. These trade secrets were embodied in Hu's reversible ratcheting wrench design, as shown in the referenced documents. The reversible ratcheting design includes a head and a handle connected by a web. The head defines a hole, and a cavity is formed in the web. The web also includes a compartment having an outer end and an inner end. The compartment is open to the outside at the outer end and is connected to the hole via the cavity at the inner end. The portion of the web between the outer end of the compartment and the head is termed the bridge. The cavity is designed to house a pawl that slides between two ratcheting positions allowing for reversible ratcheting functionality when the pawl is engaged with a gear wheel in the hole. A switch member is located in the compartment and is in communication with the pawl through a biasing means. The switch member includes a recess for receiving the pin. The pin includes a first end and a second end, the first end including an opening exposing a hollow interior for receiving a spring. The first end of the pin and the spring are disposed within the recess of the switch member. The second end of the pin engages a recess in the side of the pawl opposite the gear wheel. In this manner, the switch member may be

turned, and the pawl will be moved from one ratcheting position to the other. The above-described biasing means and bridge design allow for reversible ratcheting functionality with minimal space requirements while maintaining high head strength for maximum torque capability.

Additionally, the discussion and drawings at HU 003025 show the benefit of the reversible ratcheting wrench design described above. Because of the small stroke and compact design as well as the stronger bridge design, the ratcheting mechanism is able to withstand a higher torque and requires less space. Thus, the wrench can be thinner and the head can have a smaller diameter. These features result in a stronger wrench that costs less to produce and which is easier to use in tight spaces.

The design disclosed in the above-referenced documents is described in more detail in the '992 Patent. In particular, many of the figures depicted in HU 003020 – HU 003022 are substantially the same as Figures 3, 6, 7, and 8 in the '992 Patent. More particularly, the design of the reversible ratcheting wrench and the bridge design are described in the '992 Patent at column 4, lines 46-60; column 5, lines 10-17; column 5, lines 39-56; and column 6, lines 5-17.

At the time Defendant disclosed the above-described reversible ratcheting wrench design to Plaintiffs, the reversible ratcheting wrench design was a trade secret of Defendant. In particular, Plaintiffs misappropriated the following trade secrets of Defendant: (1) a bridge design including a web defined between a head and a handle, the head including a hole for enclosing a gear wheel and the web including a cavity adjacent the hole and a compartment open to the outside and communicated with the cavity at the other end; and (2) a biasing means for use in the bridge design including a switching member, a pin, a spring, and a pawl, the switching member including a recess, and the pin including an open end exposing a hollow interior,

7

wherein one end of the spring is disposed in the pin, and the other end of the spring and the open end of the pin are disposed in the recess of the switching member and wherein the switching member is disposed in the above-described compartment and the pawl is disposed in the above-described cavity such that the end of the pin not in the recess of the switching member is disposed in a recess in the pawl.

Respectfully submitted,

DEFENDANT HOU-FEI HU

_____
Jonathan M. Pierce, Esq.
Federal Bar No. ct24417
Michael F. Heim, Esq.
Federal Bar No. ct22416
CONLEY ROSE, P.C.
7100 JP Morgan Chase Tower
Houston, Texas 77002-2912
Telephone: (713) 238-8000
Facsimile: (713) 238-8008
E-mail: jpierce@conleyrose.com
E-mail: mheim@conleyrose.com

David B. Zabel, Esq.
Federal Bar No. ct01382
COHEN AND WOLF, P.C.
1115 Broad Street
Bridgeport, Connecticut 06604
Telephone: (203) 337-4255
Facsimile: (203) 394-9901
E-mail: dzabel@cohenandwolf.com

OF COUNSEL:

J. Hoke Peacock III
Federal Bar No. ct24230
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100 Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 653-7897
E-mail: tpeacock@susmangodfrey.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of *Defendant Hou-Fei-Hu's Second Amended and Supplemental Responses to Plaintiffs' Second Set of Interrogatories to Defendant* has been served on the following counsel of record, via first class mail, postage pre-paid and properly addressed as follows on this 12th day of January, 2004, as indicated below:

Francis H. Morrison
Matthew J. Becker
Day, Berry & Howard, LLP
CityPlace I
Hartford, Connecticut 06103-3499

Mark C. Dukes
Lloyd G. Farr
Nelson Mullins Riley & Scarborough, LLP
Keenan Building, Third Floor
1330 Lady Street
P O Box 11070 (29211)
Columbia, SC 29201

_____
Jonathan M. Pierce

17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

EASCO HAND TOOLS, INC.,            )
ARMSTRONG TOOLS INC., KINGSLEY     )
TOOLS INC., LEA WAY HAND TOOL      )        Civil Action No.  3:02 CV 1723 (AVC)
CORPORATION, AND MATCO TOOLS       )
CORPORATION,                       )
                                   )
                    Plaintiffs,    )
                                   )
             vs.                   )
                                   )
HU, HOU-FEI, a/k/a BOBBY HU,       )
                                   )
                    Defendant.     )
_____)

## VERIFICATION PURSUANT TO FRCP 33 AND 28 U.S.C. § 1746 TO DEFENDANT'S SECOND AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Mr. Hu, Hou-Fei, a/k/a Bobby Hu, declares: that the factual answers to Defendant's Second Amended and Supplemental Responses to Plaintiffs' Second Set of Interrogatories ("Interrogatories") are based either on his personal knowledge, the personal knowledge of Hi-Five Products Developing Co., Ltd. ("Hi-Five") employees, or on information obtained from Defendant's personal records, the records of Hi-Five, and/or other documents, things, and information produced or revealed during the discovery process in this action; and that, under the penalty of perjury under the laws of the United States of America, the answers to the Interrogatories are true and correct to the best of his knowledge. If information becomes known that makes an amendment to the answers appropriate, Mr. Hu reserves his right to amend such answers. Executed on January _12_, 2004.

_____
Hu, Hou-Fei, a/k/a Bobby Hu