UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

EASCO HAND TOOLS, INC.,          :
ARMSTRONG TOOLS, INC.,           :
KINGSLEY TOOLS, INC., LEA        :
WAY HAND TOOL CORPORATION,       :
and MATCO TOOLS CORPORATION,     :
    Plaintiffs,                  :
                                 :   Civil No. 3:02cv1723 (AVC)
VS.                              :
                                 :
HU, HOU-FEI a/k/a BOBBY HU,      :
    Defendant.                   :
                                 :
                                 :

2004 JUL 15 P 3: 45

U.S. DISTRICT COURT
HARTFORD, CT.

## RULING ON THE DEFENDANT'S MOTION TO DISMISS

This is an action for a declaratory judgment. The plaintiffs and counterclaim-defendants, Easco Hand Tools, Inc., Armstrong Tools, Inc., Kingsley Tools, Inc., Lea Way Hand Tool Corporation, and Matco Tools Corporation, (collectively, "Easco") seek a declaration that they have not infringed United States patent 6,282,992 ("the `992 patent"), held by the defendant and counterclaim-plaintiff, Bobby Hu, and that, in any event, the patent is invalid and unenforceable. The `992 patent covers reversible ratchet wrench technology. Easco also seeks attorneys' fees pursuant to 35 U.S.C. § 285. By way of counterclaim, Hu alleges that Easco willfully infringed his patent and engaged in trade secret misappropriation.

Hu now moves for voluntary dismissal of the counterclaim, asserting that due to his statement of non-liability accompanying the motion, the court does not have jurisdiction to adjudicate Easco's complaint.

The issues presented are:  1) whether the statement of non-liability renders moot the complaint to the extent it seeks declaratory relief; and if so 2) whether the court should grant Easco's claim for attorneys' fees under 35 U.S.C. § 285.

For the reasons hereinafter set forth, the court concludes that the statement of non-liability renders moot Easco's declaratory judgment action and that although the court does have jurisdiction to award attorneys' fees, the court declines to make such an award.  Accordingly, Hu's motion to dismiss is granted in part and denied in part.

### FACTS

Examination of the complaint, pleadings, the motion to dismiss, the opposition thereto, and Hu's reply, disclose the following undisputed, material facts.

The plaintiff, Easco Hand Tools, Inc., is a corporation established under the laws of the state of Delaware with a principal place of business in Simsbury, Connecticut.[1] Defendant, Hu, is an individual resident of the Republic of China.  As early as November 2000, Hu made written and oral

---

[1] Co-plaintiff, Armstrong Tools, Inc., is a corporation established under the laws of the state of Delaware with a principal place of business in Hunt Valley, Maryland.  Co-plaintiff, Kingsley Tools, Inc., is a corporation established under the laws of the state of Delaware with a principal place of business in Garland, Texas.  Co-plaintiff, Lea Way Hand Tools Corp., is a corporation established under the laws of Taiwan with a principal place of business in Taichung, Taiwan.  Co-plaintiff, Matco Tools Corp., is a corporation established under the laws of the state of New Jersey with a principal place of business in Stowe, Ohio.

assertions to Easco alleging that Easco's ratcheting

wrenches infringed what became the `992 patent.

On September 26, 2002, Easco filed the present action,

seeking a declaration that: 1) its products do not infringe

the `922 patent; 2) the `922 patent is invalid; and 3) the

`922 patent is unenforceable due to Hu's allegedly

inequitable conduct.[2]  Hu counterclaimed, alleging that

Easco's Craftsman socket wrench (the "Thin Profile Ratchet")

infringed claim 34 of the `922 patent and that following a

February 2001 meeting between Hu and one David Ling, a

representative of Easco, Easco misappropriated trade

secrets.

On February 27th, 2004, Hu filed the within motion to

dismiss.[3]  In seeking voluntarily dismissal of his own

claims, Hu states that he has learned through discovery that

his costs and attorneys' fees will be more than he could

possibly recover in damages.  Further, Hu offers a statement

---

[2] In its complaint, Easco alleges:
> The claims of the `992 patent are unenforceable, in that
> defendant, and/or his attorney prosecuting the application that
> matured into the `992 patent, committed inequitable conduct before
> the U.S. Patent and Trademark Office in obtaining the `992 patent,
> in that Defendant and/or his attorney (1) knew of the U.S. Patent
> 6,134,990, U.S. Patent 5,533,427, U.S. Patent 5,636,557, and/or
> the Gear Wrench non-reversible ratcheting wrench sold by one or
> more of Plaintiffs and (2) failed to disclose such prior art to
> the United States Patent and Trademark Office with, upon
> information and belief, the intent to deceive the Patent and
> Trademark Office.  The withheld prior art was material to the
> examination of the application and was not cumulative.

[3] In addition to the original 1723 case, Easco sued Hu for a declaratory
judgment on a separate Hu patent in Easco et al. v. Hu, Hou-Fei, 3:02 CV 1747
("the original 1747 case").  Though the court consolidated the two cases on
December 17, 2003, Hu's motion to dismiss does not seek to affect, in any way,
the original 1747 case.

of non-liability and moves to dismiss Easco's action for a

declaratory judgment, arguing that because of the statement

of non-liability, the court lacks subject matter

jurisdiction to hear Easco's requests for declaratory

relief.

Hu's statement of non-liability provides:

(1)    Mr. Hu unconditionally agrees not to sue or
seek damages from any one or more of [p]laintiffs
for past, present, and future infringement of any
claims of the `992 [p]atent with respect to any of
the products identified by [p]laintiffs in
response to [i]nterrogatory [n]o. 1 of
[d]efendant's [f]irst [s]et of [i]nterrogatories
in the [o]riginal 1723 [c]ase, any other products
that have been sold by any one or more of
plaintiffs in the United States or imported into
the United States prior to February 27, 2004,
and/or any products having the exact identical
structure of any of the foregoing products
(collectively the "Current Products"); and


(2)    Mr. Hu unconditionally agrees not to sue or
seek damages from any one or more of [p]laintiffs
regarding any of the trade secrets that were
identified by [d]efendant in response to
[i]nterrogatory No. 1 of [p]laintiffs' [s]econd
[s]et of [i]nterrogatories in the [o]riginal 1723
case.[4]

---

[4] Hu's response to interrogatory no. 1 of Easco's second set of
interrogatories in the original 1723 case, after several amendments, states:
    Subject to the General Objections stated above, Defendant
    identifies the biasing mechanism having various means of biasing a
    pawl in a ratcheting wrench into engagement with a gear wheel to
    provide the necessary reversible unidirectional movement of a
    ratcheting wrench and the bridge design of a reversible ratcheting
    wrench as disclosed in Bates Nos. HU 003020- HU 003022 and HU
    003025 . . . In particular, Plaintiffs misappropriated the
    following trade secrets of Defendant:  (1) a bridge design
    including a web defined between a head and a handle, the head
    including a hole for enclosing a gear wheel and the web including
    a cavity adjacent the hole and a compartment open to the outside
    and communicated with the cavity at the other end; and (2) a
    biasing means for use in the bridge design including a switching
    member, a pin, a spring, and a pawl, the switching member

Easco does not object to Hu's motion insofar as it seeks dismissal of only Hu's counterclaims, with prejudice, but opposes dismissal of its own declaratory judgment action.  Easco argues that the court retains subject matter jurisdiction because Easco's present activity could constitute infringement and moreover, Easco maintains a reasonable apprehension of suit based on Hu's conduct, the nature of the wrench market, and deficiencies in Hu's statement of non-liability.

### STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (1) must be granted if a plaintiff has failed to establish subject matter jurisdiction.  <u>Golden Hill Paugussett Tribe of Indians v. Weicker</u>, 839 F. Supp. 130, 136 (D. Conn. 1993).  In analyzing a motion to dismiss under Rule 12 (b) (1), the court must accept as true and must draw reasonable inferences in favor of the plaintiff. <u>Capitol Leasing Co. v. F.D.I.C.</u>, 999 F.2d 188, 191 (7th Cir. 1993).  Where a defendant challenges the district court's subject matter jurisdiction, the court may resolve disputed factual issues by reference to evidence outside the

---

including a recess, and the pin including an open end exposing a hollow interior, wherein one end of the spring is disposed in the pin, and the other end of the spring and the open end of the pin are disposed in the recess of the switching member and wherein the switching member is disposed in the above-described compartment and the pawl is disposed in the above-described cavity such that the end of the pin not in the recess of the switching member is disposed in a recess in the pawl.

pleadings, such as affidavits.  <u>Antares Aircraft, L.P. v.</u>

<u>Federal Republic of Nigeria</u>, 948 F.2d 90, 96 (2d Cir. 1991).

"The long established rule is that a declaratory

judgment plaintiff must establish an actual controversy" in

order to establish subject matter jurisdiction.

<u>Spectronics Corp. v. H.B. Fuller Co.</u>, 940 F.2d 631, 634

(Fed. Cir. 1991) (quoting <u>Maryland Casualty Co. v. Pacific</u>

<u>Coal & Oil Co.</u>, 312 U.S. 270, 272, 61 S.Ct. 510, 512, 85

L.Ed. 826 (1941)).  In the domain of patent rights and

relationships, an "actual controversy" is established by a

two part test.

> There must be both (1) an explicit threat or other
> action by the patentee, which creates a reasonable
> apprehension on the part of the declaratory
> plaintiff that it will face an infringement suit,
> and (2) present activity which could constitute
> infringement or concrete steps taken with the
> intent to conduct such activity.

<u>BP Chemical, Ltd. v. Union Carbide Corp.</u>, 4 F.3d 975, 978

(Fed. Cir. 1993).  Again, the "purpose of the two-part test

is to determine whether the need for judicial action is real

and immediate," in which case the federal courts have

jurisdiction, or whether it is prospective and uncertain of

occurrence," in which case they do not.  <u>Id.</u>  However,

"[b]ecause we test the presence [] of an actual controversy

by reference to the facts of each case, generally applicable

rules are few."  <u>Super Sack Mfg. Corp. v. Chase Packaging</u>

<u>Corp.</u>, 57 F.3d 1054, 1058 (Fed. Cir. 1995).

## DISCUSSION

### 1. Declaratory Judgment & Actual Controversy

Hu moves for voluntary dismissal of his counterclaims
of infringement and trade secret misappropriation.  Further,
Hu moves to dismiss Easco's action for declaratory judgment
of non-infringement, invalidity and unenforceability of the
`992 patent, arguing that his statement of non-liability
deprives the court of subject matter jurisdiction over
Easco's declaratory claims.

In response, Easco does not object to Hu's motion
insofar as it seeks to dismiss Hu's counterclaims.  It
asserts, however, that there is an "actual controversy" such
that the court retains subject matter jurisdiction over the
complaint.  Specifically, Easco argues that:  a) Hu's
conduct throughout the litigation process; b) the scope of
his statement of non-liability; and c) Hu's prosecution of
continuation patents places Easco in a reasonable
apprehension of suit for infringement.

Hu responds that these arguments are "irrelevant" and
that "[Easco has] failed to meet [its] burden of
establishing that (1) an objectively reasonable apprehension
of suit exists and (2) present activity exists to create a
case or controversy."  Specifically, Hu argues that Easco's
arguments are insufficient, as a matter of law, to establish
an actual controversy after his statement of non-liability.

For the court to retain subject matter jurisdiction
over Easco's declaratory judgment action, Easco has the
burden of establishing an actual controversy based on
infringement.  See BP Chemical Ltd. v. Union Carbide Corp.,
4 F.3d 975, 978 (Fed. Cir. 1993).  Thus, the only portion of
the statement of non-liability relevant to subject matter
jurisdiction over Easco's declaratory judgment action is the
part pertaining to infringement, and not the part pertaining
to trade secret misappropriation.

The first requirement for determining declaratory
justiciability in a patent case is "an explicit threat or
other action by the patentee, which creates a reasonable
apprehension on the part of the declaratory plaintiff that
it will face an infringement suit."  BP Chemical Ltd. v.
Union Carbide Corp., 4 F.3d 975, 978 (Fed. Cir. 1993).
"[T]he existence of [an actual] controversy must be
evaluated on a claim-by-claim basis."  Jervis B. Web Co. v.
Southern Systems, Inc., 742 F.2d 1388, 1399 (Fed. Cir. 1984)
(citations omitted).  In Super Sack Mfg. Corp. v. Chase
Packaging Corp., 57 F.3d 1054, 1059 (Fed. Cir. 1995), the
Federal Circuit held that "[b]ecause Chase can have no
reasonable apprehension of suit based on the [patents in
issue] with respect to past and present products, it fails
to satisfy the first part of our two-part test of
justiciability."

Hu's statement of non-liability unconditionally promises not to sue Easco for infringement of the `992 patent based on "any [] products that have been sold by any one or more of [p]laintiffs in the United States prior to February 27, 2004." This unconditionally and effectively removes any reasonable apprehension of suit for infringement of any claim of the `992 patent against Easco based on Easco's past and present products. Easco itself acknowledges in its opposition to Hu's motion to dismiss that "Hu's [statement of non-liability] promises in effect not to sue under the `992 patent for any existing products[.]" Thus, Easco cannot establish a reasonable apprehension of suit based on its present activity and therefore cannot establish an actual controversy. Moreover, the court is not persuaded that Hu's conduct throughout the litigation process, the scope of his statement of non-liability, or Hu's prosecution of continuation patents constitute an actual controversy sufficient for subject matter jurisdiction. Because Easco cannot maintain a reasonable apprehension of infringement suit based on its past or present products, the motion to dismiss Easco's declaratory judgment action is granted.

2. Attorneys' Fees

Though the court is divested of subject matter jurisdiction over Hu's counterclaim and Easco's declaratory judgment action, it retains jurisdiction over Easco's claim

for attorney's fees under 35 U.S.C. § 285.  See, e.g.,
Matsushita Battery Indus. Co., Ltd. v. Energy Conversion
Devices, Inc., No. 96-101-SLR, 1997 WL 811563, at *7 (D.Del.
Dec. 23, 1997); Vardon Golf Co., Inc. v. Allied Golf Corp.,
No. 94 C 1332, 1995 WL 654137, at *2 (N.D. Ill. Nov. 6,
1995).

Section 285 provides that a "court in exceptional cases
may award reasonable attorneys' fees to the prevailing
party."  35 U.S.C. § 285.  The Federal Circuit has outlined
four elements necessary to award attorneys' fees under §
285:  "(1) the case must be exceptional; (2) the district
court may exercise its discretion; (3) the fees must be
reasonable; and (4) fees may be awarded only to the
prevailing party."  Machinery Corp. of America v. Gullifiber
AB, 774 F.2d 467, 470 (Fed. Cir. 1985).  "[T]o be a
prevailing party, one must `receive at least some relief on
the merits,' which `alters . . . the legal relationship of
the parties.'"  Former Employees of Motorola Ceramic Prods.
v. United States, 336 F.3d 1360, 1364 (Fed. Cir. 2003),
quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of
Health & Human Res., 532 U.S. 598, 603-05, 149 L. Ed. 2d
855, 121 S.Ct. 1835 (2001).

The decision to award attorneys' fees is within the
discretion of the district judge and should be made only
after the prevailing party has established by clear and
convincing evidence the exceptional nature of the case.

<u>Machinery Corp. of America v. Gullifiber AB</u>, 774 F.2d 467,
471 (Fed. Cir. 1985).. To establish that a case is
exceptional, a moving party must "prove the other guilty of
bad faith litigation by clear and convincing evidence in
light of the totality of the circumstances." <u>Eltech Sys.
Corp. v. PPG Indus., Inc.</u>, 903 F.2d 805, 811 (Fed. Cir.
1990).

Easco contends that even if its other claims are
dismissed, it is entitled to attorneys' fees because this is
an "exceptional case" under 35 U.S.C. § 285.   Specifically,
it argues two grounds on which the case might be deemed
"exceptional": 1) Hu's alleged "inequitable conduct before
the Patent Office" in failing to bring known prior art to
the attention of the PTO in his prosecution of the `992
patent; and 2) "Hu's initiation and maintenance of his
infringement claim", which "constitutes `unjustified,
vexatious, and bad faith litigation.'"

Hu suggests that the court dismiss Easco's claim for
attorneys' fees, implying that Easco is not a "prevailing
party" and arguing that the court should not exercise its
discretion to award fees.   Specifically, Hu cites <u>Larchmont
Eng'g., Inc. v. Toggenburg Ski Center</u>, 444 F.2d 490 (2d Cir.
1971), in which the United States Court of Appeals for the
Second Circuit upheld the district court's grant of the
plaintiff's motion to dismiss its patent infringement suit
with prejudice without awarding attorney's fees, stating:

> We find no abuse of discretion in [the
> district court's] ruling [permitting the plaintiff
> to voluntarily dismiss its patent infringement
> claims without awarding attorney's fees to the
> defendant under § 285]. Indeed, to have ruled
> otherwise would have been extraordinary. The
> statutory provision for awarding attorney fees in
> patent cases is normally invoked only at the end
> of litigation. The legislative history of § 285
> indicates that Congress intended, even after
> trial, that it be used sparingly, since it
> represents a departure from the usual rule that
> counsel fees are not awarded to the prevailing
> party in an action at law, and the broad policy
> against allowing costs to be erected as an undue
> barrier to litigation.
>      Defendant's assertion of valid misuse
> defenses does not establish that the suit was
> brought in bad faith, nor would proof of such
> defenses at trial necessarily entitle them to an
> award of counsel fees. After pretrial discovery
> revealed the weakness of its claims, [the
> plaintiff] may well have decided in good faith to
> minimize litigation expense by foregoing its
> claims and by taking a voluntary dismissal. Such
> a move should not be discouraged by threat of
> imposing attorney fees.

Larchmont Eng'g., Inc. v. Toggenburg Ski Center, 444 F.2d

490, 491 (2d Cir. 1971).

The court concludes that it would be inappropriate to

require Hu to pay Easco's attorney's fees. In SL Waber,

Inc. v. American Power Conversion Corp., 135 F. Supp. 2d

521, 527 (D. N.J. 1999), the United States District Court

for the District of New Jersey, after the patentee offered

the declaratory-plaintiff a statement of non-liability

divesting the court of subject matter jurisdiction, denied

the declaratory-plaintiff's request for attorney's fees

pursuant to § 285, stating:

> There is no sound justification for awarding
> such attorney's fees upon [the patentee's]

> decision to dismiss its claim of infringement of
> [the patent in suit] where [the declaratory-
> plaintiff] has merely alleged, but not proven
> inequitable conduct and bad faith on [the
> patentee's] part.  On the contrary, there is a
> sound justification to deny [the declaratory-
> plaintiff's] request for attorney's fees under §
> 285 under these circumstances.

SL Waber, Inc. v. American Power Conversion Corp., 135 F.

Supp. 2d 521, 527 (D. N.J. 1999).  The court then quoted

Larchmont, indicating both that as a matter of policy,

litigants should be encouraged to withdraw their claims

when, at a fairly early stage of the case, it appears that

further litigation will not be a worthwhile endeavor and

that to award attorneys' fees in such a case would be

"extraordinary".  See SL Waber, 135 F. Supp. 2d at 527.  The

court finds Waber's reasoning applicable to the present case

and concludes that an award of attorneys' fees would be

inappropriate.  Therefore, Easco's request for attorney's

fees is denied.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion to dismiss is GRANTED. The motion is granted to the extent that it seeks to dismiss the plaintiffs' declaratory judgment action and the counterclaim. The motion to dismiss for lack of jurisdiction is denied, however, with respect to the claim of attorneys' fees. While the court has jurisdiction to award fees, it declines to do so.

It is so ordered, this 15th day of July, 2004 at Hartford, Connecticut.


_____

Alfred V. Covello
United States District Judge