IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

EASCO HAND TOOLS, INC.,
ARMSTRONG TOOLS INC., KINGSLEY
TOOLS INC., LEA WAY HAND TOOL
CORPORATION, AND MATCO TOOLS
CORPORATION,

Plaintiffs,

vs.

HU, HOU-FEI, a/k/a BOBBY HU,

Defendant.

Civil Action No. 3:02 CV 1723 (AVC)

August 5, 2004

---

**DEFENDANT HU'S MEMORANDUM IN SUPPORT OF HIS
MOTION TO DISMISS THE ORIGINAL 1747 CASE**

---

J. Hoke Peacock III
Federal Bar No. ct24230
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096

Jonathan M. Pierce, Esq.
Federal Bar No. ct24417
Michael F. Heim, Esq.
Federal Bar No. ct22416
CONLEY ROSE, P.C.
7100 JP Morgan Chase Tower
Houston, Texas 77002-2912

David B. Zabel
Federal Bar No. ct01382
COHEN AND WOLF, P.C.
1115 Broad Street
Bridgeport, Connecticut 06604

*ORAL ARGUMENT NOT REQUESTED*

## TABLE OF CONTENTS

I.    GIVEN HU'S STATEMENT OF NON-LIABILITY, ALL OF HU'S CLAIMS
      PENDING IN THE ORIGINAL 1747 CASE SHOULD BE DISMISSED ............................1

II.   GIVEN HU'S STATEMENT OF NON-LIABILITY, THE COURT LACKS
      SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS IN THE
      1747 CASE, WHICH MUST BE DISMISSED .................................................................3

III.  CONCLUSION ............................................................................................................6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EASCO HAND TOOLS, INC., ARMSTRONG TOOLS INC., KINGSLEY TOOLS INC., LEA WAY HAND TOOL CORPORATION, AND MATCO TOOLS CORPORATION, | ) ) ) ) ) | Civil Action No. 3:02 CV 1723 (AVC) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| HU, HOU-FEI, a/k/a BOBBY HU, | ) ) | August 5, 2004 |
| Defendant. | ) ) ) | |

**DEFENDANT HU'S MEMORANDUM IN SUPPORT OF HIS
MOTION TO DISMISS THE ORIGINAL 1747 CASE**

Defendant and patent owner Hou-Fei Hu ("Hu") respectfully moves the Court to voluntarily dismiss all of his claims pending in the Original 1747 Case, and to dismiss all of Plaintiffs' claims pending in the Original 1747 Case for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1), and in support shows:

**I.    GIVEN HU'S STATEMENT OF NON-LIABILITY, ALL OF HU'S CLAIMS
PENDING IN THE ORIGINAL 1747 CASE SHOULD BE DISMISSED**

Plaintiffs filed two separate lawsuits against Hu in this Court, one styled *Easco et al. v Hu, Hou-Fei*, 3:02 CV 1723 (the "Original 1723 Case") and the other styled *Easco et al v Hu, Hou-Fei*, 3:02 CV 1747 (the "Original 1747 Case"), each seeking a declaration that Plaintiffs do not infringe a patent owned by Hu, that Hu's patent is invalid, and/or that Hu's patent is unenforceable because of alleged inequitable conduct. In turn, Hu counterclaimed in each case for infringement and for misappropriation of trade secrets.

On December 17, 2003, the Court consolidated the Original 1723 Case and Original 1747 Case and ordered that all filings refer only to the 1723 Case (the "Consolidated Case"). Subsequently, on or about July 15, 2004, upon motion by Hu, the Court dismissed or denied all claims pending in the Original 1723 Case. The present motion addresses the claims pending in the Original 1747 Case only.

In the Original 1747 Case, Hu asserts that certain of Plaintiffs' box end wrenches infringe at least claims 17, 19, 20, 22, 23, and 25 of U.S. Patent No. 6,457,387 (the "'387 Patent") and that certain of Plaintiffs' socket wrenches infringe claims 17 through 23 and 25 of the '387 Patent. On July 13, 2004, after extensive briefing and a nearly day-long oral argument, the Court issued its *Markman* Ruling.

In light of the *Markman* Ruling, it may be difficult for Hu to establish that Plaintiffs' box end wrenches infringe the '387 Patent. Additionally, Plaintiffs' sales volumes and figures for their box end wrenches reveal that such wrench sales make up the vast majority of Plaintiffs' allegedly infringing sales. Consequently, the Court's *Markman* Ruling likely reduces significantly the potential damages due to Plaintiffs' alleged infringement. Further, although the parties have exchanged various written discovery, only a single fact deposition has been taken, and the parties have not prepared any expert reports or taken any expert depositions. After considering the reduction in potential damages, and after considering the costs and attorneys' fees involved in pursuing the Original 1747 Case through discovery, trial, and appeal, Hu has decided, as a business decision, not to pursue his counterclaims in the Original 1747 Case. [1]

_____

[1]     Pursuant to the Court's Protective Order, Defendant Hu himself has not been shown or been privy to any specific financial documents or discovery produced by the Plaintiff. Rather, Hu's attorneys have conveyed the contents of that information to Hu in general terms only, so that

To effectuate this, Hu provides the following statement of non-liability and moves to dismiss the Original 1747 Case:

(1) Mr. Hu unconditionally agrees not to sue or seek damages from any one or more of Plaintiffs for past, present, and future infringement of any claims of the '387 Patent with respect to any of the products identified by Plaintiffs in response to Interrogatory No. 1 of Defendant's First Set of Interrogatories in the Original 1747 Case, any other products that have been sold by any one or more of Plaintiffs in the United States or imported into the United States prior to August 5, 2004, and/or any products having the exact identical structure of any of the foregoing products (collectively the "Current Products"); and

(2) Mr. Hu unconditionally agrees not to sue or seek damages from any one or more of Plaintiffs regarding any of the trade secrets that were identified by Defendant in response to Interrogatory No. 1 of Plaintiffs' Second Set of Interrogatories in the Original 1747 Case.

In accordance with this statement of non-liability, Hu respectfully moves the Court to dismiss all of the claims that Hu asserts in the Original 1747 Case with prejudice.

## II.    GIVEN HU'S STATEMENT OF NON-LIABILITY, THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS IN THE 1747 CASE, WHICH MUST BE DISMISSED

In the Original 1747 Case, Plaintiffs seek a declaration that certain of their products do not infringe the '387 Patent, a declaration that the '387 Patent is invalid, and a declaration that the '387 Patent is unenforceable due to alleged inequitable conduct. A claim for declaratory judgment may only be brought to resolve an "actual controversy." 28 U.S.C. § 2201(a). "The actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999) (*quoting Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)); *Intellectual Property Development, Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1340 (Fed. Cir. 2001). The burden rests on the party seeking a

---

Hu could make a decision concerning whether to pursue his claims in the Original 1747 Case.

declaratory judgment, in this case the Plaintiffs, to establish that subject matter jurisdiction exists. *Intellectual Property Development, Inc.*, 248 F.3d at 1340.

For a justiciable controversy to exist under the Declaratory Judgment Act, and thus for subject matter jurisdiction to exist, there must be: (1) an explicit threat or other action by the patentee that creates *a reasonable apprehension of suit*; and (2) *present activity* which could constitute infringement or concrete steps taken with the intent to conduct such activity. *Gen-Probe Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1380 (Fed. Cir. 2004); *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995). Under this standard, a patent owner's promise not to sue for infringement of a patent based on products then manufactured and sold by defendant eliminates the actual controversy necessary to support a declaratory judgment. *Super Sack Mfg. Corp.*, 57 F.3d at 1059-60; *see also Intellectual Property Development*, 248 F.3d at 1342 ("[S]imilar to the resolution in *Super Sack*, the statement of non-liability divested the district court of Article III jurisdiction, and therefore the district court properly granted the motion to dismiss . . . .").

For example, in *Super Sack*, Chase filed an action seeking a declaration of non-infringement and invalidity with respect to two patents owned by Super Sack. After the close of discovery but before trial, Super Sack filed a motion to dismiss for lack of subject matter jurisdiction. In that motion, Super Sack "unconditionally agree[d] not to sue Chase for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold by Chase." 57 F.3d. at 1056.

Applying the two-prong test above, the Federal Circuit upheld the district court's dismissal of Chase's declaratory judgment claims, concluding:

4

As to the '796 and '652 patents, Super Sack is forever estopped by its counsel's statement of nonliability, on its face and as explained during oral argument before this court, from asserting liability against Chase in connection with any products that Chase made, sold, or used on or before July 8, 1994 [the date Super Sack filed its motion to dismiss].    This estoppel, in turn, removes from the field any controversy sufficiently actual to confer jurisdiction over this case.  Because Chase can have no reasonable apprehension that it will face an infringement suit on the '796 and '652 patents with respect to past and present products, it fails to satisfy the first part of our two-part test of justiciability.

Chase also contends that Super Sack's promise not to sue fails to eliminate the controversy between them because, however absolute it may be with respect to past and present products, the promise does not cover products that Chase may make, sell, or use in the future.  But, as our cases have made clear, the second part of our test of declaratory justiciability respecting patent rights requires that the putative infringer's "*present* activity" place it at risk of infringement . . . .  The residual possibility of a future infringement suit based on Chase's future acts is simply too speculative a basis for jurisdiction over Chase's counterclaim for declaratory judgments of invalidity.  The only proper course for the trial court was to dismiss the case for lack of jurisdiction, as it did.

*Id.* at 1059 (emphasis in original).

Other cases have also dismissed declaratory judgment claims based on a patent owner's statement of non-liability.  *See Intellectual Property Development*, 248 F.3d at 1342 (dismissing alleged infringer's declaratory judgment claims of non-infringement, invalidity and unenforceability based on a statement of non-liability by the patent owner); *see also Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855-56 (Fed. Cir. 1999) (dismissing alleged infringer's declaratory judgment claims of non-infringement and invalidity based on a statement of non-liability by the patent owner).

Similarly, Hu's statement of non-liability deprives the Court of jurisdiction over Plaintiffs' declaratory judgment claims.  With respect to the first prong of the justiciability test, Hu's covenant not to sue or seek damages prevents Plaintiffs from having a reasonable apprehension of suit based on the '387 Patent for the Current Products.   With respect to the second prong, given

Hu's definition of "Current Products," Plaintiffs cannot point to any "present activity" that places them at risk of being sued for infringement of the '387 Patent.  Accordingly, the Court lacks jurisdiction over Plaintiffs' declaratory judgment claims in the Original 1747 Case.

## III.  CONCLUSION

Given Hu's statement of non-liability, Hu respectfully requests that the Court dismiss Hu's claims in the Original 1747 Case and that the Court dismiss Plaintiffs' claims in the Original 1747 Case based on a lack of subject matter jurisdiction.

Respectfully submitted,

DEFENDANT HOU-FEI HU

Jonathan M. Pierce, Esq.
Federal Bar No. ct24417
Michael F. Heim, Esq.
Federal Bar No. ct22416
CONLEY ROSE, P.C.
7100 JP Morgan Chase Tower
Houston, Texas 77002-2912
Telephone:  (713) 238-8000
Facsimile:  (713) 238-8008
E-mail: jpierce@conleyrose.com
E-mail: mheim@conleyrose.com

David B. Zabel
Federal Bar No. ct01382
COHEN AND WOLF, P.C.
1115 Broad Street
Bridgeport, Connecticut 06604
Telephone: (203) 337-4255
Facsimile: (203) 394-9901
E-mail: dzabel@cohenandwolf.com

OF COUNSEL:

J. Hoke Peacock III
Federal Bar No. ct24230
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Facsimile:  (713) 653-7897
E-mail: tpeacock@susmangodfrey.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of *Defendant Hou-Fei Hu's Memorandum In Support Of His Motion To Dismiss The Original 1747 Case* has been served on the following counsel of record, properly addressed as follows on this 5th day of August, 2004 as indicated below:

*Via Federal Express*
Francis H. Morrison
Matthew J. Becker
Day, Berry & Howard, LLP
CityPlace I
Hartford, Connecticut 06103-3499

*Via Federal Express*
Mark C. Dukes
Lloyd G. Farr
Nelson Mullins Riley & Scarborough, LLP
Keenan Building, Third Floor
1330 Lady Street
P O Box 11070 (29211)
Columbia, SC 29201

Jonathan M. Pierce

131525v2/2186-00200

8