# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EASCO HAND TOOLS, INC., ARMSTRONG TOOLS INC., KINGSLEY TOOLS INC., LEA WAY HAND TOOL CORPORATION, AND MATCO TOOLS CORPORATION, | ) ) ) ) ) ) | Civil Action No. 3:02 CV 1723 (AVC) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | August 25, 2004 |
| HU, HOU-FEI, a/k/a BOBBY HU, | ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT
## HU'S MOTION TO DISMISS THE ORIGINAL 1747 CASE

On July 15, 2004, this Court granted defendant Hu's motion to dismiss voluntarily both his own claims and the claims of plaintiffs (collectively "Easco") involving the '992 patent and related trade secret allegations.  See Ruling on the Defendant's Motion to Dismiss ("Ruling"), at 14.  Following the Court's claim construction ruling on Hu's companion '387 patent, Hu now similarly seeks to dismiss his and Easco's claims involving the '387 patent and related trade secret allegations, completely ending these cases.  (Defendant Hu's Memorandum in Support of Hu's Motion to Dismiss the original 1747 case, "Hu Memorandum", at 2.)  Hu supports his new motion by providing identical statements of non-liability and covenants not to sue in regard to the '387 patent and alleged trade secrets as he provided in seeking to dismiss the '992 patent/trade secret case.  (Compare Hu Memorandum, at 3 with Ruling, at 4.)

As with Hu's '992 motion to dismiss, Easco does not object to the dismissal with prejudice of Hu's claims against Easco regarding the '387 patent and related trade secret

allegations.  Easco continues to be concerned, however, about future actions by Hu.  These concerns arise from Hu's preferred statements of non-liability and covenants not to sue, which appear carefully crafted to allow Hu to bring new suits against Easco's future products based upon future related patents or newly defined trade secret allegations.

Hu's actions in this litigation heighten Easco's concerns about Hu bringing future suits in alternative jurisdictions.  Easco has previously documented Hu's actions of constantly recasting his infringement allegations, his ongoing patent prosecution activities, and his suspect reasons for seeking dismissals here.  (See Easco's Partial Opposition to Defendant Hu's Motion to Dismiss the Original 1723 case, March 19, 2004.)  Easco has also explained that the wrench product market's use of multiple products with slight changes in core designs lends itself to future abuse by Hu.  (Id.)  Hu's current attempt to dismiss his remaining claims is in keeping with his previous questionable actions.  It only intensifies Easco's concerns about Hu's overall strategic maneuverings and further solidifies Easco's reasonable apprehension of future lawsuits given the totality of the circumstances.  (See id., at § III.)

In the event, however, that this Court does dismiss Easco's declaratory judgment claims for lack of subject matter jurisdiction, such dismissal must be without prejudice.  See Aerolineas Argentinas v. Pakistan Int'l Airlines, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."); Wheeler v. United States, 11 F.3d 156, 159 (Fed. Cir. 1993) ("[D]ismissals for lack of subject matter jurisdiction…are without prejudice.").  Hu's claims in contrast are to be dismissed with prejudice.  (See Hu Memorandum, at 5 (noting statement of non-liability forever estopps the maker from restoring suit).)

## <u>CONCLUSION</u>

Based on the foregoing grounds, Easco respectfully requests that the Court deny Hu's

motion to dismiss Easco's claims absent a broader statement of non-liability and covenant not to

sue.

Respectfully submitted,


By: _____

　　　Francis H. Morrison, III (ct 04200)
　　　*fhmorrison@dbh.com*
　　　Matthew J. Becker (ct 10050)
　　　*mjbecker@dbh.com*
　　　Day, Berry & Howard LLP
　　　CityPlace I
　　　Hartford, CT  06103
　　　860-275-0100 (Telephone)
　　　860-2675-0343 (Fax)

August 25, 2004

51278685v1

-3-

## CERTIFICATE OF SERVICE

I, Francis H. Morrison, hereby certify that I have this 25th of August, 2004 served copies of the within Plaintiffs' Response to Defendant Hu's Motion to Dismiss The Original 1747 Case on the following individuals by mailing copies thereof, First Class Mail, postage prepaid to:

J. Hoke Peacock, III, Esq.            Jonathan Pierce, Esq.
Randall W. Wilson, Esq.               Michael F. Heim, Esq.
Susman Godfrey L.L.P.                 Conley, Rose & Taylor, P.C.
1000 Louisiana Street, Suite 5100     Chase Tower
Houston, TX  77002-5096               600 Travis, Suite 700
                                      Houston, TX   77002

David B. Zabel, Esq.
Cohen and Wolf, P.C.
115 Broad Street
Bridgeport, CT   06604


_____
Matthew J. Becker