UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EASCO HAND TOOLS, INC., ARMSTRONG TOOLS INC., KINGSLEY TOOLS INC., LEA WAY HAND TOOL CORPORATION, AND MATCO TOOLS CORPORATION,<br><br>     Plaintiffs,<br><br>vs.<br><br>HU, HOU-FEI, a/k/a BOBBY HU,<br><br>     Defendant. | Civil Action No. 3:02 CV 1723 (AVC)<br><br><br><br><br><br><br><br><br><br>November 18, 2004 |

### MOTION TO CLARIFY AND MODIFY JUDGMENT DISMISSING THE ORIGINAL 1747 CASE

The Plaintiffs (collectively "Easco") respectfully move for clarification and modification of this Court's Order of Dismissal dated November 12, 2004, to provide that Defendant Hu's counterclaims are dismissed with prejudice, and that Easco's claims are dismissed without prejudice.

The 1747 case is an action for declaratory judgment. Easco sought a declaration that it has not infringed U.S. Patent No. 6,457,387 ('387) held by Defendant Hu. Hu counterclaimed that Easco willfully infringed the '387 patent and engaged in trade secret misappropriation.

On August 5, 2004, Hu moved this Court to voluntarily dismiss with prejudice his counterclaims. (See Defendant Hu's Motion to Dismiss the Original 1747 Case at 1-3.) Hu further moved to dismiss all of Easco's pending declaratory judgment claims for lack of subject matter jurisdiction. (See Hu's Motion at 3 - 6.)

This Court granted Hu's motion to dismiss on November 12, 2004. (See Order attached hereto as Exhibit A.)  The Court's order states that Easco's claims are dismissed and that Hu's counterclaims are dismissed without prejudice.  The Court's order should be modified to provide that it is Easco's claims and not Hu's counterclaims that are dismissed without prejudice. In the 1747 case Hu brought the counterclaims of infringement and misappropriation.  In his Motion to Dismiss, Hu provides a statement of non-liability as the basis of his motion to dismiss these counterclaims, and specifically requests that the court dismiss all of the counterclaims asserted in the 1747 case <u>with prejudice</u>.   Given Hu's own Motion, Hu's counterclaims should not be dismissed  without prejudice.  (See Hu's motion at 3.)  Further, because the basis for the dismissal of Easco's declaratory judgment claims is lack of subject matter jurisdiction, these claims should be dismissed <u>without</u> <u>prejudice</u>. (See Hu's Motion at 3 – 6.)

In light of the analysis above, Easco respectfully requests that the order of November 12, 2004 be modified as follows:

Line No. 7    The motion to dismiss the [counterclaim] <u>claims</u> for want of subject matter jurisdiction is also granted.

Line No. 8    As dismissal of the [counterclaim] <u>claims</u> is for want of subject matter jurisdiction, dismissal is ordered without prejudice.

Respectfully submitted,

PLAINTIFFS: EASCO HAND TOOLS, INC., ARMSTRONG TOOLS, INC., KINGSLEY TOOLS, INC., LEA WAY HAND TOOL CORPORATION and MATCO TOOLS CORPORATION

By: _____
      Francis H. Morrison, III (ct 04200)
      fhmorrison@dbh.com
      Matthew J. Becker (ct 10050)
      mjbecker@dbh.com
      Day, Berry & Howard LLP
      CityPlace I
      Hartford, CT  06103
      860-275-0100
      860-2675-0343 (Fax)

Attorneys For Plaintiffs

## **CERTIFICATE OF SERVICE**

      THIS IS TO CERTIFY that a copy of the foregoing was sent this 18th day of November via first class mail to:

    J. Hoke Peacock III, Esq.
    Randall W. Wilson, Esq.
    Susman Godfrey L.L.P.
    1000 Louisiana Street, Suite 5100
    Houston, TX 77002-5096

    David B. Zabel, Esq.
    Cohen and Wolf, P.C.
    1115 Broad Street
    Bridgeport, CT  06604

and via overnight mail and facsimile to:

    Jonathan Pierce, Esq.
    Michael F. Heim, Esq.
    Conley, Rose & Taylor, P.C.
    600 Travis Street, Suite 7100
    Houston, TX  77002

 

_____
                    Matthew J. Becker